# SUPREME COURT OF THE UNITED STATES

## CHARLES E. HOLSTER, III *v.* GATCO, INC. DBA FOLIO ASSOCIATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

No. 08–1307.   Decided April 19, 2010

JUSTICE GINSBURG, with whom JUSTICE BREYER joins, dissenting.

Petitioner Charles Holster filed this putative class action against Gatco, Inc., in federal court, invoking the court's jurisdiction under the Class Action Fairness Act of 2005, 28 U. S. C. §1332(d). Holster sought statutory damages for Gatco's alleged violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U. S. C. §227, which authorizes a "[p]rivate right of action" when a person is "otherwise permitted by the laws or rules of court of a State" to bring the action. §227(b)(3).

The District Court dismissed Holster's suit based on N. Y. Civ. Prac. Law Ann. (CPLR) §901(b) (West 2006), the provision at issue in *Shady Grove Orthopedic Associates, P. A.* v. *Allstate Ins. Co.*, 559 U. S. ___ (2010). That statute prescribes that, unless specifically permitted, "an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." §901(b). The District Court noted that, pursuant to §901(b), New York courts had closed their doors to class actions seeking statutory damages under the TCPA. 485 F. Supp. 2d 179, 185 (EDNY 2007).

Adopting its prior decision in *Bonime* v. *Avaya, Inc.*, 547 F. 3d 497 (2008), the Second Circuit summarily affirmed. *Bonime* held that §901(b) barred TCPA claims brought as class actions for two independent reasons. First, the Court of Appeals determined that §901(b) governed because it qualified as "substantive" under the doctrine of

*Erie R. Co.* v. *Tompkins*, 304 U. S. 64 (1938). 547 F. 3d, at 501–502.

As a "second, independent" ground for its holding, the *Bonime* panel stated:

> "The private right of action created by the TCPA allows a person or entity to, 'if *otherwise permitted by the laws or rules of court of a State*, bring . . .' an action for a violation of the TCPA. *See* 47 U. S. C. §227(b)(3) (emphasis added). This statutory language is unambiguous—a claim under the TCPA cannot be brought if not permitted by state law. 'In determining the proper interpretation of a statute, this court will look first to the plain language of a statute and interpret it by its ordinary, common meaning. If the statutory terms are unambiguous, our review generally ends and the statute is construed according to the plain meaning of its words.' *Tyler v. Douglas*, 280 F. 3d 116, 122 (2d Cir. 2001) (internal citations, quotation marks, and alteration omitted). This provision constitutes an express limitation on the TCPA which federal courts are required to respect." *Id.*, at 502.

Judge Calabresi concurred, joining only the second ground "identified by the majority for its conclusion." *Ibid.* As Judge Calabresi explained:

> "A state law that bars suit in state court, like C. P. L. R. 901(b), . . . effectively eliminates the cause of action created under the TCPA because it eliminates the 'may' and the rest of the phrase that follows ('bring . . . an action'). Federal law (the TCPA's cause of action) directs courts to look to 'the laws' and 'rules of court' of a state. Thus, when a state refuses to recognize a cause of action, there remains no cause of action to which any grant of federal court jurisdiction could attach." *Id.*, at 503.

Although *Shady Grove* may bear on the Second Circuit's *Erie* analysis,[\*] nothing in *Shady Grove* calls for a reading of §227(b)(3) that fails fully to honor "the laws [and] rules of court of [New York] State."  The Second Circuit's interpretation of the TCPA's private-right-of-action authorization stands on its own footing as an adequate and independent ground for dismissing Holster's suit.  I would spare the Court of Appeals the necessity of revisiting—and, presumably, reinstating—its TCPA-grounded ruling.

---

[\*]Holster, however, arguably forfeited the argument, accepted in *Shady Grove*, that Federal Rule of Civil Procedure 23 preempts §901(b); the District Court concluded that Rule 23 and §901(b) did not conflict and noted that Holster "d[id] not dispute" that point.  485 F. Supp. 2d 179, 185, n. 3 (EDNY 2007).