07-2191-cv
Holster v. Gatco, Inc.

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Submitted After Remand: May 19, 2010     Decided:  August 24, 2010)

Docket No. 07-2191-cv

_____

CHARLES E. HOLSTER III, Individually and on Behalf on All Others Similarly Situated,

*Plaintiff-Appellant*,

– v. –

GATCO, INC., doing business as FOLIO ASSOCIATES,

*Defendant-Appellee.*

_____

Before: CALABRESI, B.D. PARKER, *Circuit Judges*, UNDERHILL,[1] *District Judge*.

This case is before us on remand from the Supreme Court, which granted certiorari, vacated our prior decision that had affirmed the district court, and remanded the case to us for reconsideration in light of the Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A., v. Allstate Insurance Co.*, 130 S. Ct. 1431 (2010). *Holster v. Gatco, Inc.*, 130 S. Ct. 1575 (2010). After careful review of *Shady Grove*, we once again AFFIRM.

TODD C. BANK, Kew Gardens, N.Y., *for Plaintiff-Appellant*.

JEREMY GILMAN & GREGORY LUCHT, Benesch, Friedlander, Coplan & Aronoff LLP, Cleveland, OH; JOEL

---

[1] The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

SHAFFERMAN, New York, N.Y., *for Defendant-Appellee*.

_____

CALABRESI, *Circuit Judge*:

**Background**

This case centers on the intersection of four laws: (a) the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, which provides a statutory penalty of $500 for each instance of unsolicited, commercial fax transmission and a federal cause of action "*if otherwise permitted by the laws or rules of court of a State*." *Id.* § 227(b)(3) (emphasis added); (b) New York C.P.L.R. 901(b), which prohibits class-action suits seeking statutory damages; (c) Federal Rule of Civil Procedure 23, which authorizes class-action suits in federal courts when various criteria are met; and (d) the federal Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2)(A), which gives federal courts jurisdiction over class actions alleging at least $5 million of damages so long as there is minimal diversity among the parties.

Alleging violations of the TCPA, Charles Holster sued Gatco, Inc. in federal court in a putative class action under Rule 23. He grounded federal jurisdiction in CAFA. Gatco moved to dismiss, claiming that, due to C.P.L.R. 901(b), a class action could not be maintained in New York. Relying on the TCPA's "otherwise permitted" language, Gatco argued that, as a result, no suit could lie under the TCPA and therefore that CAFA could not apply. That meant, Gatco concluded, that the district court lacked jurisdiction. Agreeing, that court (Bianco, *J.*) dismissed the case.

We affirmed in a summary order predicated on a case decided the same day, raising the same issue, *Bonime v. Avaya, Inc.*, 547 F.3d 497 (2d Cir. 2008). *Holster v. Gatco, Inc.*, No. 07-

2

2191-cv, 2008 U.S. App. LEXIS 23203 (2d Cir. Oct. 31, 2008). In *Bonime* we held that C.P.L.R. 901(b) applied to TCPA actions in New York for two, independent, reasons. First, we explained that "because Congress directed that the TCPA be applied as if it were a state law," the *Erie* doctrine required federal courts to apply C.P.L.R. 901(b) to TCPA claims in New York. *Bonime*, 547 F.3d at 501. To hold otherwise, we said, "would create a predictable and foreseeable outcome-determinative difference that would strongly encourage forum shopping and create inequitable administration of the laws." *Id.* at 501–02. Second, we found that the specific language of the TCPA that allows a person to sue under it only "if otherwise permitted by the laws or rules of court of a State," 47 U.S.C. § 227(b)(3), "constitutes an express limitation on the TCPA which federal courts are required to respect." *Bonime*, 547 F.3d at 502. A concurrence further explained this second rationale. Because federal law (the TCPA) uses state law to define the federal cause of action, when the state refuses to recognize that cause of action, "there remains [nothing] to which any grant of federal court jurisdiction could attach." *Id.* at 503 (Calabresi, *J.*, concurring).

Subsequently, the Supreme Court granted certiorari, vacated our decision, and remanded the case for reconsideration in light of its opinion in *Shady Grove Orthopedic Associates, P.A., v. Allstate Insurance Co.*, 130 S. Ct. 1431 (2010). *Holster v. Gatco, Inc.*, 130 S. Ct. 1575 (2010).[2] In *Shady Grove*, the Court considered whether C.P.L.R. 901(b) applied—in general—to claims filed under CAFA in New York federal courts. Finding that C.P.L.R. 901(b) conflicted with Rule 23, which constitutes a valid Rule under the Rules Enabling Act, the Court held that C.P.L.R. 901(b) was preempted. *Shady Grove*, 130 S. Ct. at 1437, 1438. We now must decide the extent to which *Shady Grove* undercuts each of our separate and independent holdings in *Bonime*. Though we find the first ground, predicated on *Erie*, abrogated by *Shady Grove*, we see

---

[2] Bonime failed to seek certiorari and so the Supreme Court has issued no order in that case.

3

nothing in the Court's *holding* that undermines the second ground, which rests not on the relationship between the Federal Rules of Civil Procedure and state rules, but on the unique nature of the federal action the TCPA created.

**Discussion**

Regarding *Bonime*'s first rationale, Holster argues that the *Shady Grove* Court was clear that "Rule 23 answers the question" of whether a case based on New York state law may proceed as a class action in federal court. *Shady Grove*, 130 S. Ct. at 1437. Under *Shady Grove*, he argues, if the requirements of Rule 23 are met and if federal jurisdiction otherwise exists, C.P.L.R. 901(b)'s bar of New York class-action suits seeking statutory damages is irrelevant. We agree. And to the extent that our prior holding was based on treating the TCPA "as if it were a state law," *Bonime*, 547 F.3d at 501, *Shady Grove*'s holding that Rule 23 generally preempts C.P.L.R. 901(b) abrogates our holding.

But this answers only a part of the question before us. Though the *Shady Grove* Court said a great deal about the interaction of Rule 23 and C.P.L.R. 901(b), it said nothing at all about the TCPA, and what that statute requires for a federal cause of action to lie. This is not a question that implicates the relationship between the Federal Rules and state rules; it is a standard question of statutory interpretation. What did Congress mean when it said that TCPA suits may proceed "if otherwise permitted by the laws or rules of court of a State," 47 U.S.C. § 227? We now read it, as the concurrence did before, as a delegation by Congress to the states of considerable power to determine which causes of action lie under the TCPA.

Holster, echoing Justice Scalia's concurrence in the remand order, argues that this reading is untenable because it would create the absurd result of a litigant losing his putative federal right to recover under the TCPA for failing to follow trivial state court rules about "the

color and size of the paper" used for the complaint. *Holster*, 130 S. Ct. at 1576 (Scalia, *J.*, concurring). If we had to read the TCPA's "otherwise permitted" language as barring the applicability of the TCPA when any state rule, however insignificant, was not conformed with, this argument would have force. But, there exists no rule prohibiting courts from reading a law with any eye to the legislature's goals in enacting the statute; quite the contrary. It is, for example, one of the oldest principles of tort law that, in a suit on a statute, a plaintiff may only recover for the type of injury—the "mischief"—that the statute sought to prevent. *See, e.g.*, *Gorris v. Scott*, (1874) 9 L.R. Exch. 125, 125; *Warner v. Goltra*, 293 U.S. 155, 158 (1934) (Cardozo, *J.*) ("Our concern is to define the meaning [of a statutory term] for the purpose of a particular statute which must be read in the light of the mischief to be corrected and the end to be attained."). Nor is this focus on the context of a law, as well as on its text, limited to torts. *See, e.g.*, *Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S. Ct. 1324, 1337 (2010) (examining the purposes of the Bankruptcy Code, as well as the text and context of the specific provision at issue, to determine that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 only prohibits debt relief agencies from advising clients to accrue additional debt as part of a plan to take unfair advantage of the bankruptcy system); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) (giving the benefit of the doubt in a provision of the Fair Debt Collection Practices Act to consumers in light of the fact that "the Act is primarily a consumer protection statute").

In light of this principle, nothing prevents us from saying that Congress intended some, but not necessarily all, state "rules of court" to define what causes of action can lie under the TCPA. After lauding states' efforts to combat telemarketing abuses, the TCPA's congressional findings suggest that a key issue the statute aimed to resolve was the inability of state laws to

deal with the problem's interstate nature. TCPA § 2(7), Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified as a note to § 227). And the statute expressly declined to preempt state regulations that were more restrictive of telemarketing than the minimal federal requirements of the statute. 47 U.S.C. § 227(e)(1). These indications say to us that Congress intended to give states a fair measure of control over solving the problems that the TCPA addresses. The ability to define when a class cause of action lies and when it does not is part of that control. Exactly how far that control extends is not before us. That Congress intended to let a TCPA suit be barred by a state due to the particulars of the paper used in filing seems unlikely, but that is a question for another day.

Because *Shady Grove* says nothing about *Bonime*'s second ground, we find that ground continues to control this case. Therefore, we AFFIRM the district court's dismissal for lack of jurisdiction.