WALLACE, Senior Circuit Judge,
concurring in the judgment:
I agree with the majority that the district court’s judgment must be affirmed. I do not agree, however, that Giovanniello’s claim is barred by Connecticut General Statute § 52-570c. I would resolve this case on the same ground as the district court: that Giovanniello’s claim is time-barred regardless of whether a state or federal statute of limitations applies.
In holding that Connecticut law provides the statute of limitations for Giovanniello’s federal claim under the Telephone Consumer Protection Act of 1991 (TCPA), the majority adds to a growing split among the state and federal courts. Where, as here, a decision on this issue is not necessary, I would avoid it. I would do so in this case especially because I view the majority’s answer to this issue to be incorrect. TCPA creates a federal claim that, if permitted by the laws or court rules of a state, runs parallel to any state-created *598 rights on the same subject matter. As a federal-created claim arising under a post-1990 Act of Congress, a TCPA claim is governed by 28 U.S.C. § 1658, which establishes a four-year statute of limitations “except as otherwise provided by law.” I disagree with the majority that Congress’s authorization of the states to decide whether to permit private TCPA actions in their courts also incorporates state statutes of limitations into those causes of action. Even if it did, the Connecticut statute upon which the majority relies does not purport to govern TCPA claims. I, therefore, concur only in the judgment.
I.
The district court dismissed Giovanniello’s claim on the ground that it was time-barred regardless of whether a state two-year statute of limitations or the federal four-year catch-all statute of limitations applies because tolling of the limitations period under American Pipe and Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) ceases once the district court strips the action of its class action character. I would affirm on this basis and, as the district court did, avoid making any ruling as to whether federal or state statutes of limitations govern TCPA causes of action in states that permit them.
Giovanniello has presented no convincing reason for us to question the district court’s application of American Pipe tolling to 28 U.S.C. § 1658(a). In addition, the majority acknowledges that “every circuit to have addressed the scope of this doctrine has concluded, as the district court did here, that American Pipe tolling ceases upon denial of class certification.” Op. at [589] n. 1 (citations omitted).
There is a benefit for the Second Circuit to join its sister circuits on this issue. It would resolve an important, generally applicable, and as yet unsettled question of circuit law. On the other hand, while I understand the majority’s desire to provide guidance to TCPA litigants and district courts presented with TCPA claims, there is very little utility in providing such guidance in this case because TCPA claims are relatively rare in district courts. The Second Circuit does not recognize federal question jurisdiction for TCPA actions. Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 436 (2d Cir.1998). Indeed, single-plaintiff TCPA actions based on diversity will almost never meet the amount in controversy for jurisdiction under 28 U.S.C. § 1332(a). See Holster v. Gatco, Inc., 485 F.Supp.2d 179, 182 (E.D.N.Y.2007). Thus, as a practical matter, district courts in the Second Circuit will likely only be presented with TCPA claims when jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Id. This court has held that representative TCPA actions are not permitted by New York law. Holster v. Gatco, Inc., 618 F.3d 214 (2d Cir.2010), cert. denied, — U.S. -, 131 S.Ct. 2151, 179 L.Ed.2d 952 (2011). That leaves the districts of Connecticut and Vermont to wrestle with class-TCPA claims with an amount in controversy over $5,000,000. See 28 U.S.C. § 1332(d)(2).
Furthermore, the courts within this circuit that have exclusive jurisdiction over run-of-the-mill TCPA claims (i.e., the state courts) are free to ignore the majority’s decision and may well disagree with its conclusions. Cf. Benedia v. Super Fair Cellular, Inc., No. 07 C 01390, 2007 WL 2903175, at *2 (N.D.Ill. Sept. 26) (“[E]ven if we decided that Illinois law controls, an Illinois court would be free to select a different statute of limitations and litigants would face the same uncertainty that Super Fair claims its interpretation would avoid”). Indeed, the majority’s decision is *599 in direct conflict with the courts of New York, which apply the federal statute of limitations. Stern v. Bluestone, 47 A.D.3d 576, 850 N.Y.S.2d 90, 96 (N.Y.App.Div. 2008), rev’d, on other grounds, 12 N.Y.3d 873, 883 N.Y.S.2d 782, 911 N.E.2d 844 (N.Y.2009). Whatever guidance the majority’s decision provides to litigants and trial courts is largely illusory.
The majority’s decision that Connecticut law, rather than federal law, provides the statute of limitations for TCPA claims originating in Connecticut is particularly troubling because it tacitly decides that litigants have a right to bring a TCPA action in Connecticut in the first place. While the parties did not present this question for our review, it makes little sense to decide whether Connecticut’s or Congress’s statute of limitations applies to TCPA claims originating in Connecticut if it turns out that TCPA actions are not even permitted by Connecticut law.
That Connecticut does permit private TCPA actions is far from clear. I am not aware of any statute or court rule that affirmatively authorizes TCPA actions in Connecticut state courts. Rather, Connecticut has adopted a statute that regulates unsolicited facsimile transmissions and provides a private right of action for violation of the statute. Conn. Gen.Stat. § 52-570c. Connecticut’s law contains substantial differences from the TCPA. Cf. Conn. Gen.Stat. § 52-570c with 47 U.S.C. § 227(b). For example, the Connecticut statute allows an aggrieved person to recover attorney’s fees whereas the TCPA does not; and the TCPA provides treble damages for a willful or knowing violation whereas the Connecticut statute does not. See id. The fact that Connecticut has adopted its own scheme providing its own remedies could be interpreted as a rejection of private TCPA actions in favor of private causes of action under Connecticut law. Connecticut’s law authorizing private actions may well work exclusive of, rather than parallel to, private actions under the TCPA.
Several courts have considered whether TCPA requires the states to provide a forum for private claims. Some courts have held that the Supremacy Clause of the United States Constitution requires states to hear actions brought under section 227(b)(3). See, e.g., Italia Foods, Inc. v. Sun Tours, Inc., No. 110350, 2011 WL 2163718, at *4-*6 (Ill. June 3) (discussing and adopting the “ ‘Acknowledgment’ Approach”). Under this theory, the “if otherwise permitted” language in section 227(b)(3) merely acknowledges that states are free to adopt their own procedures for TCPA actions. Id. Other courts have held that TCPA creates a right of action that is automatically enforceable in state court, but that states may “opt out” by withdrawing the jurisdiction of their courts. See, e.g., Edwards v. Direct Access, LLC, 121 Nev. 929, 124 P.3d 1158, 1160 (2005), abrogated on other grounds by Buzz Stew, LLC v. City of North Las Vegas, 124 Nev. 224, 181 P.3d 670 (2008). Finally, one state court has held that TCPA provides a private remedy only if the states “opt in” by adopting laws or court rules that affirmatively authorize private TCPA actions. Chair King, Inc. v. GTE Mobilnet of Houston, Inc., 184 S.W.3d 707, 716 (Tex.2006).
The Second Circuit has not addressed this precise question. However, its decision in Foxhall supports either the “opt out” or the “opt in” theory.- 156 F.3d at 438 (“[T]he clause [‘if otherwise permitted by the laws or rules of court of a State’] recognizes that states may refuse to exercise the jurisdiction authorized by the statute. To the extent that a state decides to prevent its courts from hearing private actions to enforce TCPA’s substantive *600 rights, the existence of a private right of action under the TCPA could vary from state to state”). Since the question was not raised or briefed before us, I do not venture an opinion as to which theory is correct. I point out, however, that plausible arguments could be made under both the “opt out” and “opt in” approaches that Connecticut does not permit a private TCPA action. If Connecticut law does not permit private actions under section 227(b)(8), then the district court would have had no subject matter jurisdiction to hear Giovanniello’s claims in the first place. See Holster, 618 F.3d at 217-18 (affirming dismissal for lack of jurisdiction where TCPA class action would not be permitted by the laws or rules of court of New York).
The majority’s decision that Connecticut General Statute § 52-570c provides the statute of limitations for private TCPA actions is premised on an assumption that TCPA actions are, in fact, permitted by the laws or court rules of Connecticut. I hesitate to accept that premise without further argument. Resolving this case by applying the principles of American Pipe tolling, on the other hand, would allow us to pass on that question altogether because Giovanniello’s claim would be barred whether or not Connecticut law permits private TCPA actions.
II.
I disagree with the majority’s decision to resolve this case by adopting a state statute of limitations rather than by merely applying American Pipe tolling. Nevertheless, because the majority tackles the question of which statute of limitations applies, I will explain why I disagree with the majority’s conclusion. First, assuming that TCPA actions are permitted by Connecticut law, the Connecticut statute does not purport to provide a limitations period for such causes of action. As a matter of statutory construction, Connecticut General Statute § 52-570c cannot provide the limitations period for TCPA claims. Second, as a federal claim, the substantive elements of a TCPA claim — including the limitations period — must stem from federal law. Therefore, even if Connecticut did purport to impose its own limitations period for TCPA claims, such a law would be preempted by 28 U.S.C. § 1658(a).
Connecticut General Statute § 52-570c(a) prohibits, among other things, the use of a “machine that electronically transmits facsimiles through connection with a telephone network ... to transmit unsolicited advertising material.... ” Subsection (d) provides:
Any person aggrieved by a violation of the provisions of this section may bring a civil action in the Superior Court to enjoin further violations and for five hundred dollars for each violation, together with costs and a reasonable attorney’s fee. No such action shall be brought but within two years from the date of the act complained of.
Conn. Gen.Stat. § 52-570c(d). Appellee argues, and the majority agrees, that this statute provides the limitations period for claims brought under TCPA.
The majority does not base its decision to apply the limitations period from section 52-570c to claims brought under 47 U.S.C. § 227(b) in the language of either statute. Rather, the majority concludes that the two-year limitations period applies to TCPA claims originating in Connecticut because both statutes regulate the same type of conduct. While this reasoning has some intuitive appeal, it is not supported by principles of statutory construction.
Section 52-570e creates a state cause of action. To the extent Connecticut law permits the courts of Connecticut to hear a *601 cause of action arising under 47 U.S.C. § 227(b), such a cause of action is parallel to, but distinct from, actions arising under section 52-570c. The Connecticut statute creates private civil remedies for violations “of the provisions of this section.” Conn. Gen.Stat. § 52-570c(d) (emphasis added). It says nothing about a remedy for violations of 47 U.S.C. § 227(b)(3). Furthermore it provides that “such action” must be brought within two years. Id. (emphasis added). “Such action” refers to an action for violation of section 52-570c. It does not include an action for violation of TCPA. This is so even though the same act would constitute a violation of both statutes. Thus, according to the statute’s terms, the two-year limitations period applies only to causes of action for violation of that section.
The majority generalizes from section 52-570c that “Connecticut law does not ‘otherwise permit[ ]’ an action for unsolicited commercial faxes filed more than two years after transmission.” Op. at [594], But that is not what the statute says. The statute does not “otherwise permit” an action for violation of section 52-570c more than two years after the violation. We must apply the statute as it is written. Because section 52-570c, by its own terms, applies only to actions for violations of that section, I conclude that it has no applicability to TCPA actions.
III.
Even if Connecticut had adopted a statute that, by its own terms, imposed a specific limitations period for TCPA claims, the statute would be preempted by federal law. Section 1658(a) provides, “Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.” 28 U.S.C. § 1658(a). Thus, to the extent a state law purports to impose a statute of limitations on a civil action arising under a post-1990 Act of Congress, such a law is preempted. Only Congress can “otherwise provide[]” for a different limitations period.
The majority does not dispute that civil actions for violation of TCPA “arise under an Act of Congress” enacted after Congress enacted section 1658(a). Op. at [591]. The majority also does not contend that Congress has affirmatively “otherwise provided” any specific statute of limitations for TCPA actions. Rather, the majority concludes that a different limitations period is “otherwise provided by law” because Congress made the existence of a private right of action contingent on the states permitting such actions in their courts.
The majority’s theory is inconsistent with Supreme Court precedent. In Jones v. R.R. Donnelley & Sons Co., the Supreme Court held that section 1658 should be interpreted broadly to provide the limitations period “if the plaintiffs claim against the defendant was made possible by a post-1990 enactment.” 541 U.S. 369, 382, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). Congress did not adopt any specific limitations period for TCPA claims. Therefore, the most straightforward interpretation of the statutes is that section 1658 should apply.
Although it is possible in the abstract to read the portion of TCPA providing for a private claim “if otherwise permitted by the laws or rules of court of a State,” 47 U.S.C. § 227(b)(3), as a decision by Congress to adopt state statutes of limitations for TCPA claims, that is not the interpretation consistent with Jones or the legislative history. As the majority points out, the legislative history suggests that Congress adopted this portion of TCPA mere *602 ly to fill a “perceived jurisdictional gap for interstate communications that states might not otherwise be able to reach.” Op. at [592]. Thus, the most natural reading of the clause is that, upon filling the jurisdictional gap, Congress allowed the states to decide either to permit private TCPA actions in their courts or to not permit them. Legislative history may also support a conclusion that the clause merely leaves states free to determine the venue and procedures for TCPA actions. See, e.g., R.A. Ponte Architects, Ltd. v. Investors’ Alert, Inc., 382 Md. 689, 857 A.2d 1, 13-14 (2004) (discussing statements by bill’s sponsor, Senator Hollings).
To say that the “if otherwise permitted” language reflects an intent to abandon the federal statute of limitations, however, requires “linguistic contortions” that are contrary to the teachings of Jones. See Worsham v. Fairfield Resorts, Inc., 188 Md. App. 42, 981 A.2d 24, 33 (2009). Under Jones, we should interpret section 1658 to fill “more rather than less of the void” caused by borrowing state statutes of limitations for federal causes of action. 541 U.S. at 380, 124 S.Ct. 1836. This principle that section 1658 should be read to apply broadly the four-year limitations period to federal causes of action suggests the corollary principle that potential exceptions to the four-year period should be read narrowly. See Zelma v. Konikow, 379 N.J.Super. 480, 879 A.2d 1185, 1187-88 (2005). Nevertheless, the majority chooses the broadest possible reading of TCPA’s “if otherwise permitted” clause.
The majority concludes that section 1658 should not be read broadly to provide a limitations period for TCPA because it does not believe the concerns with “limitation borrowing” that led Congress to enact section 1658 are present in this case. Op. at [595]. I doubt that the concerns the Supreme Court identified in Jones are absent in this case. But even if they were, I would not ignore the Court’s clear direction to interpret section 1658 broadly.
First, the majority’s declaration that “there is no difficulty here in determining the period within which claims pertaining to interstate transmissions are ‘otherwise permitted’ by Connecticut state law,” Op. at [595], is not accurate. If the majority were to apply the plain language of Connecticut General Statute § 52-570c(d), it would recognize that the statute provides a limitations period only for state causes of action brought under that section and not for parallel TCPA claims. However, even if some states do have clearly applicable statutes of limitations, that does not alleviate the concern with limitation borrowing that led Congress to enact section 1658. If TCPA incorporates state statutes of limitations, courts will have to decide on a state-by-state basis (1) whether the state has a statute of limitations specifically applicable to TCPA causes of action, (2) if not, whether one or more general state statutes of limitations could control a TCPA cause of action, and (3) which of the competing statutes should apply. Thus, holding that applicable state statutes of limitations control TCPA filings creates exactly the same problems that section 1658(a) was designed to avoid.
The majority brushes aside the cases that have applied section 1658 to TCPA claims by saying that, in those cases, the “analogous state statute of limitations was uncertain.” Op. at [595]. This characterization of the cases is inaccurate and fails to engage the rationale that supports them, namely, that Congress has not clearly indicated that state statutes of limitations should apply.
In Zelma, the Appellate Division of the New Jersey Superior Court held that section 1658 provided the limitations period *603 for TCPA actions rather than New Jersey’s two-year limitations period. 879 A.2d at 1185-86. It concluded that “Jones requires a narrow reading of the phrase ‘[ejxcept as otherwise provided by law’ included in § 1658 and a similarly narrow reading of language of ‘exception’ included in statutes like the TCPA that were enacted after § 1658.” Id. at 1188. The court “hesitate[d] to read general language of exception to infer that Congress intended to create new ‘voids’ in federal law governing limitation periods and reintroduce the difficulties and confusion that § 1658 was designed to eliminate. Absent a clear indication of an alternate limitation period, language of exception in post-1990 federal enactments should not be read as intended to override the limitation period provided in § 1658.” Id.
Similarly, in Worsham, the Court of Special Appeals of Maryland held that the four-year period of section 1658 applies to TCPA claims, whereas a shorter, three-year period applies to a parallel claim brought under the Maryland Telephone Consumer Protection Act, “which ... declares it to be a violation of Maryland law for a person to violate the federal TCPA.” 981 A.2d at 30-34. There, the court reasoned that the cause of action created by TCPA clearly falls within the scope of section 1658, and that Congress did not clearly indicate that a different statute of limitations should apply. Id. at 32-33. “[I]f Congress, in fact, had intended to exempt actions under the TCPA from the uniform federal statute of limitations, Congress could have chosen language that made such an intent more evident, or better yet, explicit.” Id. at 33.
Contrary to the majority’s characterization, cases such as Zelma and Worsham did not adopt section 1658 because the analagous state limitations period was unclear, but rather because TCPA does not clearly indicate that a different statute of limitations is “otherwise provided by law.” I agree that the Supreme Court’s instruction in Jones to interpret section 1658 to apply broadly means that we must interpret possible exceptions to section 1658 narrowly. We should hold there is an exception to section 1658 only if Congress has clearly indicated that a different limitations period controls. TCPA’s “if otherwise permitted” clause does not clearly provide a statute of limitations other than section 1658.
IV.
I disagree with the majority to the extent it relies on Bonime v. Avaya, Inc., 547 F.3d 497 (2d Cir.2008), and Holster v. Gatceo, Inc., 618 F.3d 214 (2d Cir.2010), for the proposition that Congress left the states to adopt their own limitations period for TCPA claims. Bonime held that a New York law barring TCPA class actions in state court also prohibited TCPA class actions in federal court. 547 F.3d at 501-02. The court reasoned that the Erie doctrine required it to apply New York’s law because “TCPA functionally operates as state law.” Id. at 501. As a second, independent ground for the decision, the court held that the “if otherwise permitted” clause of section 227(b)(3) unambiguously mandated that “a claim under the TCPA cannot be brought if not permitted by state law.” Id. at 502. Because New York law did not permit TCPA claims to be brought as class actions in state court, so too they could not be permitted in the district court. The Supreme Court’s decision in Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co., — U.S. -, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010), abrogated Bonime’s first rationale. Holster, 618 F.3d at 216-17. However, the Second Circuit reaffirmed the second rationale, reasoning that the legislative histo *604 ry and Congress’s decision not to preempt more restrictive state regulations “say to us that Congress intended to give states a fair measure of control over solving the problems that the TCPA addresses.” Id. at 218. According to Holster, “[t]he ability to define when a class cause of action lies and when it does not is part of that control.” Id.
Bonime and Holster are distinguishable from this case. The New York law prohibiting TCPA class-actions does not amend or abridge any of the rights enacted by Congress because Congress has not guaranteed TCPA claimants a right to bring actions on behalf of a class. It has, however, provided that private causes of action arising under an Act of Congress enacted after December 1, 1990 (including actions under the TCPA), may be brought within four years after the cause of action accrues unless Congress says otherwise. 28 U.S.C. § 1658. As explained above, the “if otherwise permitted” does not clearly provide for a different limitations period. Therefore, a state statute that purports to “permit” TCPA actions brought within two years, but “not permit” actions brought within four years attempts to modify a right established by Congress.
I am not persuaded by the majority’s remaining arguments in favor of applying state statutes of limitations. The majority posits: “Congress placed no restrictions on the state laws or court rules that must be satisfied. Rather, the ‘as permitted’ requirement is unqualified.” Op. at [593]. Not so. Section 227(b)(3) does not give the states carte blanche to regulate interstate communications. If a state disagreed with Congress’s decision to provide treble damages for willful or knowing violations of the TCPA and passed a law “permitting” TCPA claimants to sue for injunctive relief but “not permitting” them to sue for treble damages, such an act would certainly be preempted. Similarly, unless Congress actually intended to take TCPA actions out from under section 1658, the states have no power to impose a different limitations period.[1]
A more plausible interpretation of the “if otherwise permitted” clause is that Congress left the states to decide how to spend their resources on TCPA enforcement. Some states may open the doors of their courts to private TCPA claimants. Others may leave enforcement to their attorneys general or the Federal Communications Commission. See Int'l Sci. & Tech. Inst, Inc. v. Inacom Commc’ns. Inc., 106 F.3d 1146, 1156 (4th Cir.1997) (“[T]he clause recognizes that states may refuse to exercise the jurisdiction authorized by the statute. Thus, a state could decide to prevent its courts from hearing private actions to enforce the TCPA’s substantive rights. To that extent, the existence of a private right of action under the TCPA could vary from state to state”); accord Foxhall, 156 F.3d at 438. For its part, Congress chose to limit the use of federal judicial resources for TCPA enforcement by denying private claimants a federal forum except in cases where diversity jurisdiction exists. See Foxhall, 156 F.3d at *605 487-38; Gottlieb v. Carnival Corp., 436 F.3d 335, 340-41 (2d Cir.2006). Congress’s decision to authorize private actions “while mindful of not overburdening state and federal courts and respecting states’ judgments about when their courts are overburdened,” Foxhall, 156 F.3d at 438, does not imply that Congress granted the states power to alter the scope of the cause of action it created.
I also disagree with the majority’s contention that Congress “disclaimed any interest in uniform treatment of TCPA claims among the states.” Op. at [596]. In Foxhall, this court recognized that the “existence of a private right of action under the TCPA could vary from state to state,” 156 F.3d at 438 (emphasis added), and Holster confirmed that states may adopt their own methods for processing claims, 618 F.3d 214, but that does not mean that Congress intended the scope of a private right of action to vary among those states where the cause of action exists. Indeed, to so hold is in direct tension with the Supremacy Clause. Whether or not it is “curious to assume that Congress intended for ... courts ... to apply a different limitations period to TCPA claims than they apply to parallel state claims,” Op. at [596], the fact remains that federal claims created after 1990 are governed by section 1658 unless Congress clearly provides otherwise. Congress’s decision that private actions under TCPA are authorized in state courts if permitted by state law does not clearly provide for a different statute of limitations.
I would resolve this case by holding that Giovanniello’s claim was barred because even if Connecticut permits private TCPA actions and regardless of which statute of limitations applies, his claim was not timely. Nevertheless, the majority wishes to address the issue whether TCPA provides for state statutes of limitations to govern private TCPA actions. I conclude that the federal four-year limitations period must apply.
Therefore, I concur only in the judgment.

. The majority, at note 4 of its opinion, misunderstands my concern. Congress certainly could permit states to impose statutes of limitations on TCPA actions. If, as the majority argues, Congress did provide for state limitations periods to control private TCPA actions, then obviously such statutes would not be preempted. My point is that Congress provided its own statute of limitations (28 U.S.C. § 1658), and it did not “otherwise provide!] by law” for another limitations period to apply. Thus, any attempt by a state to impose its own statute of limitations on TCPA actions is not permitted. I do not believe this argument is odd. The Congress-enacted limitations period for private TCPA actions is just as much a part of TCPA as are its remedies.