879 A.2d 1185 (2005)
379 N.J. Super. 480
Richard M. ZELMA, Plaintiff-Appellant,
v.
Joel KONIKOW and Konikow Associates, Inc., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted January 4, 2005.
Decided August 8, 2005.
Kaps & Barto, and Blau & Blau, attorneys for appellant (Raymond Barto, Hackensack, and Jennifer Castranova, on the brief).
Uscher, Quiat, Uscher & Russo, attorneys for respondents (Michael E. Quiat and Patrick X. Amoresano, Hackensack, of counsel and on the brief).
Before Judges SKILLMAN, PARRILLO and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
Plaintiff Richard M. Zelma appeals from an order of the Special Civil Part of the Law Division dismissing his complaint under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C.A. § 227, as untimely because it was not filed within the two-year limitation provided for pursuant *1186 to N.J.S.A. 2A:14-10. We conclude that such actions must be filed within the four-year limitation period provided in 28 U.S.C.A. § 1658(a) and reverse.[1]
Plaintiff alleged that defendants Richard Konikow and Konikow Associates transmitted twelve unsolicited advertisements by telephone facsimile machine between January 1 and April 30, 2000, contrary to 47 U.S.C.A. § 227(b)(1)(C). He also claimed that the facsimiles did not include required information identifying the source of the transmission, contrary to 47 U.S.C.A. § 227(d)(1). He sought statutorily authorized damages of $500 per violation, trebled. 47 U.S.C.A. § 227(b)(3)(B). Zelma filed the complaint on October 29, 2003, more than three years after the claimed violations.
A "state court must apply federal law in determining when a litigant may assert a claim or defense originating in a federal statute.... Thus, a state court hearing a cause of action arising under a federal statute must apply the relevant federal statute of limitations." Beneficial Fin. Co. of Atlantic City v. Swaggerty, 86 N.J. 602, 607-08, 432 A.2d 512 (1981).
Two federal statutes are relevant to the question of federal law presented here. The statutes are 28 U.S.C.A. § 1658(a), which supplies "a general, 4-year limitations period for any federal statute ... enacted [after December 1, 1990] without one of its own," N. Star Steel Co. v. Thomas, 515 U.S. 29, 34 n. *, 115 S.Ct. 1927, 1930 n. *, 132 L.Ed.2d 27, 32 n. * (1995); see Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 380 n. 14, 124 S.Ct. 1836, 1844 n. 14, 158 L.Ed. 2d 645, 655 n. 14 (2004), and the TCPA, which was enacted in 1991 and gives state courts exclusive subject matter jurisdiction over private claims based on violations such as the prohibited facsimile transmissions alleged here, 47 U.S.C.A. § 227(b)(1)(C), (b)(3);[2]see Zelma v. Market U.S.A., 343 N.J.Super. 356, 359-60, 364, 778 A.2d 591 (App.Div.2001).
Read together, the statutes raise the question whether Congress intended to apply the "catchall" four-year limitation period provided in 28 U.S.C.A. § 1658(a) to private actions arising under the TCPA or to defer to local limitation periods. Section 1658 provides:

Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.
[28 U.S.C.A. § 1658(a) (emphasis added).]
The TCPA provides:
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring [an action to enjoin or recover damages for a violation of the TCPA or specified regulations promulgated pursuant to the Act] in an appropriate court of that State....
[47 U.S.C.A. § 227(b)(3) (emphasis added).]
The ambiguity is apparent. In making the TCPA's cause of action available "if *1187 otherwise permitted by the laws or rules of court of a State," did Congress intend to include or exclude "permissibility" under the limitation period of each state. Stated differently, did Congress intend to "provide" an "exception" to application of § 1658's four-year period, which would "otherwise" govern the civil action established in this post-1990 Act of Congress, in order to permit state courts to apply a state period of limitation.
Resolution of the ambiguity requires us to consider the purpose of both statutes. See Jones, supra, 541 U.S. at 375-76, 124 S.Ct. at 1841-42, 158 L.Ed.2d at 652-53; Wilson v. Garcia, 471 U.S. 261, 266-75, 105 S.Ct. 1938, 1943-46, 85 L.Ed.2d 254, 260-66 (1985). In Jones, supra, 541 U.S. at 380, 124 S.Ct. at 1844, 158 L.Ed.2d at 655, the United States Supreme Court concluded that 28 U.S.C.A. § 1658 should be construed to apply broadly. The Court reasoned that the "central purpose of § 1658" is to minimize the complex legal issues and uncertainty for litigants created when Congress establishes a federal cause of action without specifying a limitation period, leaving courts adjudicating federal claims to select the most analogous state law claim and borrow that claim's limitation period. See id. at 376-79, 124 S.Ct. at 1842-44, 158 L.Ed.2d at 653-55. The Court reviewed the difficulties inherent in such "limitation borrowing" that led Congress to enact the "catchall" limitation period:
Prior to the enactment of § 1658, the settled practice was to adopt a local time limitation as federal law if it [was] not inconsistent with federal law or policy to do so. Such limitation borrowing generated a host of issues that required resolution on a statute-by-statute basis. For example, it often was difficult to determine which of the forum State's statutes of limitations was the most appropriate to apply to the federal claim. We wrestled with that issue in Wilson v. Garcia, in which we considered which state statute provided the most appropriate limitation principle for claims arising under 42 U.S.C. § 1983. [That decision] resolv[ed the] split of authority over whether the closest state analogue to an action brought under § 1983 was an action for tortious injury to the rights of another, an action on an unwritten contract, or an action for a liability on a statute.... Two years later ... we answered the same three questions for claims arising under § 1981. Both decisions provoked dissent and further litigation.
... Even when courts were able to identify the appropriate state statute, limitation borrowing resulted in uncertainty for both plaintiffs and defendants, as a plaintiff alleging a federal claim in State A would find herself barred by the local statute of limitations while a plaintiff raising precisely the same claim in State B would be permitted to proceed. [Id. at 377-79, 124 S.Ct. at 1842-43, 158 L.Ed.2d at 654 (citations, internal quotations and footnotes omitted).]
In a case decided prior to the enactment of § 1658, the Court had noted that the difficult practice of "borrowing" limitation periods was also inherently unlikely to produce results that further the purposes of limitation periods. Wilson, supra, 471 U.S. at 271, 105 S.Ct. at 1944, 85 L.Ed.2d at 263-64. The Court explained that when a federal claim "differs from [existing] state cause[s] of action in fundamental respects, the State's choice of a specific period of limitation is, at best, only a rough approximation of the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." Ibid. (internal quotations omitted).
In Jones, after considering the historical background and the reform efforts that led *1188 to the enactment of § 1658, the Court concluded that the context in which the "catchall" limitation period was enacted "strongly support[ed] an interpretation that fills more rather than less of the void that has created so much unnecessary work for federal judges." 541 U.S. at 380, 124 S.Ct. at 1844, 158 L.Ed.2d at 655. For that reason, the Court held that an amendment supplementing an existing statute with a new cause of action, which amendment was "enacted after the date of enactment" of 28 U.S.C.A. § 1658, was subject to § 1658's four-year limitation period even though causes of action established under the same statute prior to the enactment of § 1658 were not. Id. at 382-83, 124 S.Ct. at 1845-46, 158 L.Ed.2d at 657-58. Thus, the Court construed section 1658's "after the date of enactment" to include as many causes of action as the statutory language reasonably permits.
We conclude that Jones requires a narrow reading of the phrase "[e]xcept as otherwise provided by law" included in § 1658 and a similarly narrow reading of language of "exception" included in statutes like the TCPA that were enacted after § 1658. Consistent with Jones, we hesitate to read general language of exception to infer that Congress intended to create new "voids" in federal law governing limitation periods and reintroduce the difficulties and confusion that § 1658 was designed to eliminate. Absent a clear indication of an alternate limitation period, language of exception in post-1990 federal enactments should not be read as intended to override the limitation period provided in § 1658. Any other approach would undercut the remedial purposes of § 1658 in favor of application of a period of limitations that "is, at best, only a rough approximation" of a state's view of a proper balance of the interests furthered by limitation periods. See Wilson, supra, 471 U.S. at 271, 105 S.Ct. at 1944, 85 L.Ed.2d at 263-64.
The provisions of the TCPA that make its civil action available only "if otherwise permitted by the laws or rules of court of a State," 47 U.S.C.A. § 227(b)(2), (c)(5), provide no clear indication of intent to exclude TCPA claims from the scope of § 1658. In Zelma we held that the phrase "if otherwise permitted by" state law and court rules was intended to provide states an opportunity to "opt-out" of the TCPA and to recognize that states may apply neutral rules and procedures to foreclose TCPA actions. Zelma, supra, 343 N.J.Super. at 360-61, 363-64, 778 A.2d 591.[3] In reaching that conclusion, we considered the purpose of the phrase as explained by federal courts. See id. at 366, 778 A.2d 591. "Congress understandably avoided opening federal courts to the millions of potential private TCPA claims.... Similarly concerned over the potential impact of private actions on the administration of state courts, Congress included a provision to allow the states to prohibit private TCPA actions...." Ibid. (citation and quotations omitted). The length of a limitation period has no obvious relevance to the volume of litigation or the extent of the burden imposed on courts of this state.
Similarly, the legislative history of the TCPA's private cause of action does not support a reading of the phrase "if otherwise permitted" to favor the pre-1990 practice of "limitation borrowing." The TCPA's sponsor identified the following *1189 reasons for making the private cause of action available if "permitted" by state law and court rules: avoidance of constitutional difficulties inherent in congressional attempts to direct the operations of state courts; and facilitation of recovery of TCPA damages in courts that address "small claims" and allow recovery without costly litigation. See R.A. Ponte, supra, 857 A.2d at 13-14 (quoting the Congressional Record and describing the sponsor's statement as constituting "the whole legislative history underlying the private cause of action provision" of the TCPA). Thus, the sponsor's stated purpose was to simplify TCPA litigation.
Absent a state limitation period specifically applicable to TCPA claims, the use of state limitation periods based on analogous causes of action under state law would complicate not facilitate pursuit of the private TCPA remedy. We are mindful of the difficulties that confront state courts and litigants compelled to identify an analogous state cause of action in order to select a limitation period. See, e.g., J.H.R. v. Bd. of Educ. of Tp. of East Brunswick, 308 N.J.Super. 100, 120 n. 10, 120-24, 705 A.2d 766 (App.Div.1998) (noting that § 1658 is inapplicable to a claim under the Individuals with Disabilities Education Act, U.S.C.A. §§ 1400-1491o, because the law was enacted prior to § 1658, and proceeding to survey State and federal law to determine "most analogous local time limitation").
The present case illustrates the difficulty of "limitation borrowing." The most appropriate limitation period for TCPA claims is far from clear. N.J.S.A. 2A:14-1 provides a six-year limitation period for actions based on trespass, tortious injury to real property, replevin, and contract claims other than those involving trade between merchants. Receipt of an unwanted facsimile undoubtedly consumes the recipient's paper and ink, suggesting N.J.S.A. 2A:14-1 could apply. In contrast, receipt of an unwanted phone call made by use of automated dialing might be better characterized as akin to an invasion of privacy, suggesting a two-year limitation period under N.J.S.A. 2A:14-2. And, the availability of fixed and treble damages for violation of the TCPA's prohibitions arguably could support a view of the TCPA's damage awards as forfeitures or penalties for violation of the Act, suggesting application of either the one or two-year limitation period pursuant to N.J.S.A. 2A:14-10.
It is apparent that the attempt to select the most appropriate existing limitation period for TCPA claims will insert complex legal issues in otherwise relatively uncomplicated cases. Equally important, the unnecessary complexity will bring no real benefit to a state, like New Jersey, that has not adopted a specific limitation period for TCPA actions based on a balancing of the interests implicated.[4]See Wilson, supra, *1190 471 U.S. at 271, 105 S.Ct. at 1944, 85 L.Ed.2d at 263-64. In short, the effort to apply an existing limitation period would reintroduce complexity and uncertainty of the sort that 28 U.S.C.A. § 1658 was designed to eliminate without furthering any state interest Congress sought to protect by making the TCPA private cause of action available only "if otherwise permitted" by state law.
We hold that absent adoption of a specific, shorter period of limitations expressly applicable to TCPA claims, the four-year limitation period provided in 28 U.S.C.A. § 1658 applies to a TCPA action in the courts of this State. Absent a law of that sort, a TCPA action initiated within the four-year limitation period of § 1658 is "permitted," not prohibited, by the laws of this State, 47 U.S.C.A. § 277(b)(3), (c)(5), and the limitation period specified in 28 U.S.C.A. § 1658 applies because no law "otherwise provide[s]." See, e.g., Jemiola v. XYZ Corp., 126 Ohio Misc.2d 68, 802 N.E.2d 745 (Oh. Ct. Common Pleas 2003) (applying 28 U.S.C.A. § 1658(a) to a TCPA claim without discussion).[5]
We recognize that the Texas Court of Appeals has considered the issue presented in this case and concluded that the TCPA is a "law" that provides for a limitation period other than the "catchall" four-year period included in § 1658. See Chair King, Inc. v. GTE Mobilnet of Houston, Inc., 135 S.W.3d 365, 391 (Tex.App.2004). Chair King was decided only three days after the Supreme Court's decision in Jones, and Chair King does not mention Jones or apply the Supreme Court's construction of 28 U.S.C.A. § 1658. For that reason, we do not find Chair King persuasive.
Reversed and remanded for further proceedings. We do not retain jurisdiction.
NOTES
[1] After this case was submitted for decision, the parties advised us that they had settled the litigation. Although the settlement has mooted the question, it was not moot when presented. The issue is likely to arise again and clarification will serve the public interest in avoiding unjustifiable expense in future litigation. See State v. Gartland, 149 N.J. 456, 464, 694 A.2d 564 (1997).
[2] This private cause of action is also available for violations of the TCPA's provisions restricting calls employing automatic telephone dialing systems or artificial or prerecorded voices, 47 U.S.C.A. § 227(b)(1), (b)(3), and for violations of regulations governing the national "do not call" list, 47 U.S.C.A. § 227(c)(1), (c)(5).
[3] Cf. R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc., 382 Md. 689, 857 A.2d 1, 11 (2004) (describing the phrase as an expression of "congressional recognition that neutral state laws and rules concerning the general jurisdiction of state courts and procedures therein are applicable to the federal cause of action," holding that a state cannot constitutionally refuse to exclude TCPA claims except by application of neutral rules of jurisdiction and procedure).
[4] New Jersey has adopted statutes that regulate similar conduct and provide civil penalties and remedies. None provide a specific limitations period. See N.J.S.A. 48:17-27 to - 31 (prohibiting certain intrastate prerecorded messages; making proscribed use of an automated dialing mechanism prima facie evidence of a violation; and providing for enforcement by summons or warrant in the name of the State); N.J.S.A. 56:8-119 to -35 (prohibiting unsolicited telemarketing calls to persons on State's "no call" list; violation is an "unlawful practice" under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -135, and a person who can establish an ascertainable loss may obtain treble damages in a private action); L. 2005, c. 114 (effective Dec. 1, 2005) (establishing a private action for violation of provisions regulating intrastate transmission of facsimiles; a recipient may recover actual damages, damages of $500 per violation, and of $1,000 per violation after written notice to cease and desist; a violation is also an "unlawful practice" within the meaning of the CFA).
[5] Because we have held that New Jersey courts have jurisdiction to adjudicate TCPA claims, Zelma, supra, 343 N.J.Super. at 366, 778 A.2d 591, and because the New Jersey Legislature has not adopted a specific limitation period applicable to TCPA claims, we have no reason to address whether the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, limits state action that discriminates against TCPA claims. See R.A. Ponte, supra, 857 A.2d at 6-8 (discussing Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947)). The Court of Appeals for the Fourth Circuit has suggested that such "opt-out" legislation is constitutionally permissible in the context of the TCPA. Int'l Sci. & Tech. v. Inacom Communications, 106 F.3d 1146, 1156-57 (4th Cir.1997); see Zelma, supra, 343 N.J.Super. at 366, 778 A.2d 591.