Judge WALLACE concurs in the judgment in a separate opinion.
REENA RAGGI, Circuit Judge:
The Telephone Consumer Protection Act of 1991 (“TCPA”), 47 U.S.C. § 227, allows persons to recover statutory damages in state court for the transmission of unsolicited advertisements by means of a telephone facsimile machine “if otherwise permitted by the laws or rules of court” of the state where the action is filed, id. § 227(b)(3). On this appeal from a judgment of dismissal entered in the United States District Court for the District of Connecticut (Janet Bond Arterton, Judge), we consider whether a state statute of limitations is among the “laws” referenced in the TCPA’s “otherwise permitted” provision, or whether the statute of limitations for TCPA actions is the federal catch-all four-year limitations period provided in 28 U.S.C. § 1658(a). In the circumstances of this case, where the relevant state law, Conn. Gen.Stat. § 52-570c, specifically recognizes a cause of action for statutory damages for the transmission of *589 unsolicited commercial facsimile (“fax”) communications, but permits such an action to be filed only within two years of the complained-of transmission, see id. § 52-570c(d), we conclude that a TCPA action may be maintained only as permitted by that state statute of limitations.
In ordering dismissal, the district court did not decide whether Conn. Gen.Stat. § 52-570c(d) applied to this case. Instead, it concluded that this action, filed by plaintiff Earle Giovanniello on September 9, 2009, with respect to a fax transmitted by ALM Media, LLC (“ALM”) on January 28, 2004, was untimely even under the four-year limitations period of 28 U.S.C. § 1658(a). See Giovanniello v. ALM Media, LLC, No. 809 Civ. 1409(JBA), 2010 WL 3528649, at *6 (D.Conn. Sept. 3, 2010). On appeal, Giovanniello asserts that 28 U.S.C. § 1658(a), rather than Conn. Gen. Stat. § 52-570c(d), is the applicable statute of limitations. He submits, however, that the district court erred in finding that statute of limitations tolled pursuant to American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), only through dismissal of an earlier putative class action in the Southern District of New York based on the same fax transmission, and not also through reconsideration or appeal of that judgment. We need not address that issue because this TCPA action can be maintained only as permitted by Connecticut law, see 47 U.S.C. § 227(b)(3), which we now clarify includes Conn. Gen.Stat. § 52-570c(d). Accordingly, Giovanniello’s complaint is untimely even if tolling were to be calculated as he urges.[1]
I. Background
A. The January 28, 200k Fax Transmission
On January 28, 2004, Giovanniello allegedly received an unsolicited commercial fax at his home in Connecticut from ALM in New York. Giovanniello asserts that he was but one of more than 10,000 recipients of similar unsolicited fax advertisements sent by ALM between March 2003 and October 2009. He maintains that transmission of these faxes violated the TCPA, which prohibits, among other things, the “use [of] any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement.” 47 U.S.C. § 227(b)(1)(C).
*590 B. The September 8, 2009 Filing
This lawsuit is the fourth filed by Giovanniello under the TCPA for transmission of the January 28, 2004 fax.

1.The Initial Connecticut State Court Filings

On April 23, 2004, Giovanniello filed a putative class action under the TCPA in Connecticut state court, which he voluntarily withdrew on August 30, 2004. The following month, on September 20, 2004, Giovanniello filed a second putative class action in Connecticut state court, but voluntarily dismissed that lawsuit without prejudice on June 27, 2005.

2.The New York Federal Court Filing

Over a year and a half later, on March 8, 2007, Giovanniello invoked federal diversity jurisdiction to file his third putative class action under the TCPA, this time in the United States District Court for the Southern District of New York (“Southern District action”). The district court dismissed the complaint on August 6, 2007, holding that (1) the TCPA incorporated a New York law prohibiting class-action suits seeking statutory damages, N.Y. C.P.L.R. § 901(b), and (2) without viable class allegations, Giovanniello failed to satisfy the minimum amount-in-controversy requirement for diversity jurisdiction. See Giovanniello v. N.Y. Law Publ’g Co., No. 07 Civ.l990(HB), 2007 WL 2244321, at *4 (S.D.N.Y. Aug. 6, 2007).
Giovanniello moved for reconsideration, which the district court denied on December 11, 2007. See Giovanniello v. N.Y. Law Publ’g Co., No. 07 Civ.1990(HB), 2007 WL 4320757, at *2 (S.D.N.Y. Dec. 11, 2007). Giovanniello timely appealed to this court on December 19, 2007. A month later, on January 15, 2008, he stipulated to withdrawal of the appeal without prejudice to reinstatement pending resolution of two other appeals challenging the application of N.Y. C.P.L.R. § 901(b) to TCPA class-action suits brought in New York. See Stipulation, Giovanniello v. ALM Media, Inc., No. 07-5371-cv (2d Cm. Jan. 15, 2008). After resolution of those appeals, Giovanniello failed to respond to an order to show cause relating to the status of his appeal. Accordingly, this court ordered the appeal dismissed pursuant to the earlier stipulation. See Order, Giovanniello v. ALM Media, Inc., No. 07-5371-cv (2d Cir. Feb. 9, 2009). The mandate subsequently issued on March 13, 2009.

3.The Instant Connecticut Federal Court Filing

On September 8, 2009 — more than five and a half years after he received the January 28, 2004 fax here at issue — Giovanniello again invoked diversity jurisdiction to file this, his fourth, putative class action against ALM in the United States District Court for the District of Connecticut. ALM moved to dismiss the complaint as untimely, arguing that the TCPA incorporates state law filing limitations and that, under Connecticut law, a private action by the recipient of an unsolicited commercial fax must be brought within two years of transmission. See Conn. Gen. Stat. § 52-570c(d). ALM further contended that even if the federal catch-all four-year statute of limitations applied, see 28 U.S.C. § 1658(a), Giovanniello’s action was nonetheless time-barred.
On September 3, 2010, the district court granted ALM’s motion to dismiss. See Giovanniello v. ALM Media, LLC, 2010 WL 3528649. The court observed that Giovanniello had conceded that, even under the more generous federal statute of limitations, his complaint was time-barred unless American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, was construed to support tolling of the statute *591 of limitations through his motion for reconsideration or appeal of the judgment of dismissal entered in the Southern District action. See Giovanniello v. ALM Media, LLC, 2010 WL 8528649, at *2 & n. 3.[2] Noting the lack of any support for Giovanniello’s urged construction of American Pipe in our circuit precedent, see id. at *4, and the unanimous contrary authority from our sister circuits, see id. at *5-6, the district court dismissed Giovanniello’s claim as time-barred without conclusively deciding whether the state or federal statute of limitations applied. See id. at *6.
This timely appeal followed.
II. Discussion
We review de novo a district court’s grant of a motion to dismiss, including its legal conclusions concerning the applicable statute of limitations. See City of Pontiac Gen. Emps.’ Ret. Sys. v. MBIA, Inc., 637 F.3d 169, 173 (2d Cir.2011). We may affirm on any ground supported in the record, even if it is not one on which the district court relied. See 10 Ellicott Square Court Carp. v. Mountain Valley Indem. Co., 634 F.3d 112, 125 (2d Cir.2011).
A. State Statutes of Limitations Are Properly Consulted To Determine if a TCPA Action is “Otherwise Permitted” by State Law
In determining the statute of limitations applicable to Giovanniello’s instant action, we begin, as we must, with the relevant statutory texts. See, e.g., Cruz-Miguel v. Holder, 650 F.3d 189, 195 (2d Cir.2011) (“Statutory analysis necessarily begins with the plain meaning of a law’s text and, absent ambiguity, will generally end there.” (internal quotation marks omitted)). Title 28 U.S.C. § 1658(a) states that “[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues.” (emphasis added). As the highlighted language indicates, the statute expresses a default position: a four-year statute of limitations applies only if Congress has not indicated that some other time period controls.
The act of Congress here at issue, the TCPA, was enacted in 1991 and does not expressly provide a statute of limitations for the private cause of action it authorizes. It does, however, state in pertinent part that “[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State,” a private action to enjoin a TCPA violation and to recover damages for actual monetary loss or $500, whichever is greater. 47 U.S.C. § 227(b)(3) (emphasis added). Thus, we must consider whether the highlighted language includes a state statute of limitations.
In construing the TCPA’s “otherwise permitted” provision, we have concluded *592 that the language is “unambiguous” in placing “an express limitation on the TCPA which federal courts are required to respect”: a TCPA claim “cannot be brought if not permitted by state law.” Bonime v. Avaya, Inc., 547 F.3d 497, 502 (2d Cir.2008), abrogated on other grounds by Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., — U.S. -, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010). Indeed, as we recently stated, the “otherwise permitted” provision is “a delegation by Congress to the states of considerable power to determine which causes of action he under the TCPA.” Holster v. Gatco, Inc., 618 F.3d 214, 217-18 (2d Cir.2010), cert. denied, — U.S. -, 131 S.Ct. 2151, 179 L.Ed.2d 952 (2011).[3] Although it may seem “unusual,” Bonime v. Avaya, Inc., 547 F.3d at 499, for Congress to have created a federal cause of action that may be “define[d] by state law,” Holster v. Gatco, Inc., 618 F.3d at 216, that intent is confirmed and explained in legislative history.
The purpose of the TCPA was to assist those states — then numbering forty — that had enacted legislation to protect their residents from unsolicited commercial telecommunications by filling a perceived jurisdictional gap for interstate communications that states might not otherwise be able to reach. See TCPA, Pub.L. No. 102-243, § 2(7), 105 Stat. 2394, 2394 (1991) (codified as a note to 47 U.S.C. § 227) (“Over half the States now have statutes restricting various uses of the telephone for marketing, but telemarketers can evade their prohibitions through interstate operations; therefore, Federal law is needed to control residential telemarketing practices.”); see also S.Rep. No. 102-178, at 2 (1991), reprinted in 1991 U.S.C.C.A.N. 1968,1970 (“States do not have jurisdiction over interstate calls. Many States have expressed a desire for Federal legislation to regulate interstate telemarketing calls to supplement their restrictions on intrastate calls.”); see generally Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd., 156 F.3d 432, 437 (2d Cir.1998) (discussing TCPA legislative history). In providing the “interstitial law” necessary to “prevent[] evasion of state law by calling across state lines,” Congress chose to make a TCPA action the “functional equivalent of a state law,” applicable only as otherwise permitted by state law and court rules. Gottlieb v. Carnival Corp., 436 F.3d 335, 342 (2d Cir.2006) (Sotomayor, J.); see also Bonime v. Avaya, Inc., 547 F.3d at 503 (Calabresi, J., concurring) (discussing application of canon of construction pertaining to limiting clauses to TCPA’s “otherwise permitted” provision). In thus delimiting TCPA actions, *593 Congress placed no restrictions on the state laws or court rules that must be satisfied. Rather, the “as permitted” requirement is unqualified.
In his concurring opinion, Judge Wallace acknowledges that “it is possible in the abstract to read the portion of [the] TCPA providing for a private claim ‘if otherwise permitted by the laws or rules of court of a State’ ... as a decision by Congress to adopt state statutes of limitations for TCPA claims.” Wallace, J., Op. Concurring in Part (‘Wallace, J., Op.”), post at [601]. Nevertheless, he contends that the provision should be interpreted as permitting states to decide only “to permit private TCPA actions in their courts or to not permit them.” Id. That restrictive interpretation, however, is foreclosed by this court’s prior decisions, which have interpreted the TCPA to “use[ ] state law to define the federal cause of action.” Holster v. Gatco, Inc., 618 F.3d at 216 (emphasis added); see also id. at 217 (interpreting “otherwise permitted” provision “as a delegation by Congress to the states of considerable power to determine which causes of action lie under the TCPA”); Bonime v. Avaya, 547 F.3d at 504 (Calabresi, J., concurring) (observing that the Second Circuit has interpreted the TCPA’s “state-centered language as having substantive content”). As in Holster, we need not here consider the possibility of a state rule so trivial that it would be absurd to allow non-compliance to deny a litigant his putative federal right to recover under the TCPA. See Holster v. Gatco, Inc., 618 F.3d at 217 (observing that state law prohibiting class action suits for statutory damages did not present concerns raised by “rules about ‘the color and size of the paper’ used for the complaint” hypothesized by Justice Scalia’s concurrence in Holster remand order (quoting Holster v. Gatco, Inc., — U.S. -, 130 S.Ct. 1575, 1576, 176 L.Ed.2d 716 (2010) (Scalia, J., concurring))). Statutes of limitations do not fit into such a category. This is apparent from the fact that federal courts adjudicating state causes of action pursuant to diversity jurisdiction must apply outcome-determinative state statutes of limitations. See generally Guaranty Trust Co. v. York, 326 U.S. 99, 100, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); accord Diffley v. Allied-Signal, Inc., 921 F.2d 421, 423 (2d Cir.1990) (“In diversity cases, state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations.” (internal quotation marks omitted)).
In sum, while a TCPA diversity action is somewhat unusual in that the cause of action is created by federal rather than state law, that federal law authorizes TCPA claims only as “otherwise permitted” by state law. This indicates that “Congress intended to give states a fair measure of control over solving the problems that the TCPA addresses.” Holster v. Gatco, Inc., 618 F.3d at 218. Such control encompasses not only the general authority to recognize particular causes of action, but also the specific authority to determine the time period within which such actions will be recognized. Accordingly, we construe the “otherwise permitted” provision of 47 U.S.C. § 227(b)(3) to signal Congress’s intent to allow state statutes of limitations to control a TCPA filing. If a claim for the transmission of an unsolicited commercial fax is no longer “permitted” by a state statute of limitations, it cannot be maintained under the TCPA, notwithstanding the federal catch-all statute of limitations provided in 28 U.S.C. § 1658(a).[4]
*594 B. Giovanniello’s TCPA Claim Is Not Permitted by Conn. Gen.Stat. § 52-570e(d)
In light of the fact that Giovanniello received the fax at issue in Connecticut, the parties do not question the application of that state’s law to this case. See generally Weber v. U.S. Sterling Sec., Inc., 282 Conn. 722, 737, 924 A.2d 816, 827 (2007) (holding TCPA claim governed by law of state where injury occurred, ie., where fax was received). Connecticut law recognizes a cause of action for the unlawful “use [of] a machine that electronically transmits facsimiles ... to transmit unsolicited advertising material ... which offers to sell goods or services.” Conn. Gen.Stat. § 52-570c(a). The parties appear to agree that this is sufficient to demonstrate that a parallel federal action under the TCPA is “otherwise permitted” under Connecticut law. We do not need to decide that question because Giovanniello’s claim is, in any event, not permitted under the Connecticut statute of limitations applicable to unsolicited commercial fax claims.[5] Actions for injunctive relief or statutory damages arising from a violation of § 52-570c(a) must be filed “within two years from the date of the act complained of.” Id. § 52-570c(d). In short, Connecticut law does not “otherwise permit[ ]” an action for unsolicited commercial faxes filed more than two years after transmission.
Giovanniello complains that he received a single unsolicited commercial fax from ALM on January 28, 2004. He did not commence this action until September 8, 2009, more than five and a half years later. Even if Connecticut law were to toll all times when Giovanniello’s earlier state and federal putative class actions pertaining to the January 28, 2004 fax were pending, including through disposition of his motion for reconsideration and appeal of the dismissal of the Southern District action, Giovanniello’s September 8, 2009 filing would be untimely and, therefore, not “otherwise permitted” by § 52-570c(d).[6]
*595 Giovanniello does not contend that Connecticut law provides otherwise. Instead, he persists in arguing against the application of Conn. Gen.Stat. § 52-570c(d) to his TCPA claim. He submits that such an application is contrary to Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004), which endorsed a broad application of the federal catch-all statute of limitations. In doing so, the Supreme Court identified concerns with the federal courts’ practice of “limitation borrowing” that led to enactment of 28 U.S.C. § 1658, notably (1) the difficulty in determining which of a state’s statutes of limitations was best applied to a particular federal claim, and (2) inconsistencies among states’ statutes of limitations for the same federal claim. See id. at 378-79, 124 S.Ct. 1836. These concerns are not present here.
First, the issue in this case is not simply what analogous state statute of limitations might apply to a cognizable TCPA claim, but whether a TCPA claim is “otherwise permitted” when filed outside a state statute of limitations given the unambiguous limitation in 47 U.S.C. § 227(b)(3). See Holster v. Gatco, Inc., 618 F.3d at 216 (recognizing “unique nature” of federal action created by TCPA, which uses “state law to define the federal cause of action” (citing Bonime v. Avaya, Inc., 547 F.3d at 503 (Calabresi, J., concurring))). For the reasons stated in the previous section, we answer this statutory construction question by construing § 227(b)(3) to encompass applicable state statutes of limitations.
Second, because Conn. Gen.Stat. § 52-570c(d) expressly applies to unsolicited commercial fax claims, there is no difficulty here in determining the period within which claims pertaining to interstate transmissions are “otherwise permitted” by Connecticut state law. Cases that have applied 28 U.S.C. § 1658(a) to TCPA claims where the analogous state statute of limitations was uncertain, see, e.g., Benedia v. Super Fair Cellular, Inc., No. 07 C 01390, 2007 WL 2903175, at *2 (N.D.Ill. Sept. 26, 2007);[7] Stern v. Bluestone, 47 A.D.3d 576, 582, 850 N.Y.S.2d 90, 96 (1st Dep’t 2008), rev’d on other grounds, 12 *596 N.Y.3d 873, 883 N.Y.S.2d 782, 911 N.E.2d 844 (2009); Zelma v. Konikow, 379 N.J.Super. 480, 487-88, 879 A.2d 1185, 1189-90 (N.J.Super.Ct.App.Div.2005), are thus in-apposite, and we have no reason to consider further their treatment of TCPA claims.[8]
Third, by granting states broad authority to determine when, if at all, TCPA claims may be brought in their courts, Congress has effectively disclaimed any interest in uniform treatment of TCPA claims among the states. See Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd,., 156 F.3d at 438 (recognizing that “existence of a private right of action under the TCPA could vary from state to state”). Indeed, because Congress enacted the TCPA primarily to fill a perceived jurisdictional gap for states that choose to recognize a cause of action for unsolicited commercial faxes, it would be curious to assume that Congress intended for state courts (or federal courts exercising diversity jurisdiction) to apply a different limitations period to TCPA claims than they apply to parallel state claims.[9]
*597 Finally, Giovanniello’s argument that Connecticut’s statute of limitations cannot apply to TCPA claims because that state law was enacted in 1989, whereas the TCPA was enacted in 1991, merits little discussion. The TCPA’s “otherwise permitted” language is not restricted to state-imposed limitations enacted after the TCPA. Cf Holster v. Gatco, Inc., 618 F.Bd at 218 (applying New York’s pre-existing statutory prohibition on class-action suits seeking statutory damages to bar TCPA class claims brought in that state). In any event, Connecticut amended § 52-570c in 2003, inter alia, to increase statutory damages from two hundred to five hundred dollars, thereby aligning Connecticut law with the TCPA in that regard. See 2003 Conn. Legis. Serv. P.A. 03-128 (S.S.B.332) (West).
Accordingly, in these circumstances, where Connecticut law expressly requires claims for unsolicited commercial faxes to be filed within two years of transmission, we conclude that for Giovanniello’s fourth TCPA complaint to be deemed “otherwise permitted” by Connecticut law, it had to have been filed within the limitations period set forth in Conn. Gen.Stat. § 52-570c(d), not the federal catch-all statute of limitations established by 28 U.S.C. § 1658(a). Because Giovanniello’s TCPA claim was untimely and, thus, not permitted under Connecticut state law, it was properly dismissed.
III. Conclusion
To summarize, we conclude as follows:
1. State statutes of limitations are properly consulted to determine if a TCPA action is “otherwise permitted by the laws or rules of court of [that] State.” 47 U.S.C. § 227(b)(3).
2. Because Conn. GemStat. § 52-570c(d) expressly permits actions for unsolicited commercial faxes to be maintained only if filed within two years of transmission, plaintiffs TCPA claim had to be filed within that time, and not the four-year limitations period provided by the federal catch-all statute of limitations, 28 U.S.C. § 1658(a). Having failed to do so, plaintiffs TCPA claim is not “otherwise permitted” by Connecticut state law and must be dismissed.
Accordingly, the judgment of the district court is Affirmed.

. The district court’s decision not to rule conclusively as to which statute of limitations applied to a TCPA claim that was untimely under both statutes is understandable. This court, however, cannot avoid that issue because the application of either the state or federal statute of limitations raises a question of law unresolved in this circuit. It serves neither the parties nor district courts presented with TCPA filings to resolve the issue applicable to 28 U.S.C. § 1658(a) — the reach of American Pipe tolling — and to avoid the one pertaining to Conn. Gen.Stat. § 52-570c(d)— the construction of the "otherwise permitted" provision of 47 U.S.C. § 227(b)(3) — the latter of which shows that the state statute of limitations, in fact, controls this TCPA filing.
This opinion does not further address American Pipe tolling, and we intimate no view with respect to whether tolling under American Pipe extends through the pendency of a motion for reconsideration or on appeal. We acknowledge, however, that every circuit to have addressed the scope of this doctrine has concluded, as the district court did here, that American Pipe tolling ceases upon denial of class certification. See Taylor v. United Parcel Serv., Inc., 554 F.3d 510, 519 (5th Cir.2008); Bridges v. Dep’t of Md. State Police, 441 F.3d 197, 211 (4th Cir.2006); Yang v. Odom, 392 F.3d 97, 102 (3d Cir.2004); Culver v. City of Milwaukee, 111 F.3d 908, 914 (7th Cir.2002); Stone Container Corp. v. United States, 229 F.3d 1345, 1355-56 (Fed.Cir.2000); Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1391 (11th Cir.1998) (en banc); Andrews v. Orr, 851 F.2d 146, 149-50 (6th Cir.1988); Fernandez v. Chardon, 681 F.2d 42, 48 (1st Cir.1982).

. In maintaining that federal rather than state law provided the applicable statute of limitations, Giovanniello calculated the federal four-year limitations period to afford him 1,461 days from the January 28, 2004 fax transmission to file his TCPA complaint. Although acknowledging that his September 8, 2009 complaint was filed 2,051 days after the fax transmission, or 590 days outside the federal statute of limitations, Giovanniello asserted that this delinquency would be eliminated if the statute were tolled during the pendency of his two Connecticut putative class actions and the Southern District action. Specifically, if tolling continued through the August 6, 2007 dismissal of the Southern District action, the complaint would be untimely by 30 days, but if tolling were extended through either the motion for reconsideration or appeal of that decision, as Giovanniello urged, the complaint would be timely.

. As we recognized in Holster, the Supreme Court’s opinion in Shady Grove abrogated our decision in Bonime only to the extent that it relied on the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to hold that, in a federal diversity action, N.Y. C.P.L.R. § 901(b) required the dismissal of a putative class action under the TCPA. See Holster v. Gatco, Inc., 618 F.3d at 216-17. Nothing in Shady Grove disturbed Bonime’s alternative ground for decision, which construed the plain language of the TCPA's "otherwise permitted” provision to require federal courts to respect the prohibition of § 901(b). This distinction was drawn by Judge Calabresi in his concurring opinion in Bonime, which did not join the majority in relying on Erie because a TCPA action is created by federal, not state, law, but which nevertheless supported dismissal based on a construction of the limitation Congress placed on TCPA actions through the plain language of the "otherwise permitted" provision. See Bonime v. Avaya, 547 F.3d at 503 (Calabresi, J., concurring) (observing that "state law that bars suit in state court, like [N.Y.] C.P.L.R. [§] 901(b), thus effectively eliminates the cause of action created under the TCPA”). Indeed, Judge Calabresi clarified the continued vitality of this ground for the Bonime decision in writing for the court in Holster. See Holster v. Gatco, Inc., 618 F.3d at 217-18.

.Judge Wallace posits that permitting states to impose statutes of limitations on TCPA actions allows states to "modify a right established by Congress” in "direct tension with the Supremacy Clause.” Wallace, J., Op., post at [604, 605]. This concern is misplaced because we construe the "otherwise permitted” provision as a congressional delegation of authority to the states to define the TCPA action permitted in their respective jurisdictions. In any event, it would be odd to conclude, as Judge Wallace's argument suggests, that the TCPA permits states, without contravening the Supremacy Clause, completely to deny a plaintiff his federal "substantive rights” under the TCPA by prohibiting such claims from being brought in state courts altogether, but not to specify a reasonable time frame within which such actions must be filed. Further, the analogy that Judge Wallace draws between a statute of limitations and a state law prohibiting treble damages under the TCPA is inapt. See id. at [604-05]. Whether a state law that restricts the remedies available in a viable TCPA action would be preempted — an issue not before us on appeal — is a fundamentally different question from whether such an action is "otherwise permitted” by state law in the first place. We express no opinion as to whether a state could adopt such restrictions without running afoul of the Supremacy Clause.

. Judge Wallace’s preferred resolution of this appeal based on American Pipe tolling would similarly require us to assume that TCPA actions are "otherwise permitted” under Connecticut state law.

. That Connecticut’s tolling rules would apply is a necessary corollary to our conclusion that the TCPA claim is subject to § 52-570c(d)’s two-year statute of limitations. See generally Board of Regents v. Tomanio, 446 U.S. 478, 485-86, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980) (restating "general principle” that borrowing of state statute of limitations "logically include[s] rules of tolling”); accord Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir.2002); cf. Casey v. Merck & Co., 653 F.3d 95, *595 100-01 (2d Cir.2011) (holding that federal court evaluating timeliness of state law claims must look to relevant state law to determine whether, and to what extent, statute of limitations is tolled by filing of putative class action in another jurisdiction). While Connecticut has adopted American Pipe's class action tolling doctrine, see Grimes v. Hous. Auth., 242 Conn. 236, 244, 698 A.2d 302, 307 (1997), the Connecticut Supreme Court has not addressed whether such tolling extends through the pendency of an appeal of the denial of class certification. Because Giovanniello's claim would be time-barred under Connecticut law even if Connecticut were to extend class action tolling as far as he urges, however, we need not explore the contours of American Pipe tolling as adopted under Connecticut law.

. In Benedia, the district court concluded that "[ajbsent an express statute of limitations, or a clear direction to consult state law, § 1658 controls.” 2007 WL 2903175, at *2. The court did not construe the TCPA’s "otherwise permitted” provision to be a "direction to consult state law” because the Seventh Circuit, unlike this court, recognizes federal question jurisdiction for TCPA actions and does not look to state law to determine which causes of action lie under that statute. See id. (citing Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 451 (7th Cir.2005)); see generally Bonime v. Avaya, Inc., 547 F.3d at 503-04 (Calabresi, J„ concurring) (discussing differences between Second and Seventh Circuits’ interpretation of 47 U.S.C. § 227(b)(3)). To the extent the Seventh Circuit’s different interpretations of § 227(b)(3) may be presumed to have informed its terse conclusion in Sawyer v. Atlas Heating & Sheet Metal Works, Inc., 642 F.3d 560 (7th Cir.2011), that § 1658(a) supplies the statute of limitations for all TCPA claims, see id. at 561, we cannot depart from our own contrary circuit precedent.

. Judge Wallace accuses us of ”brush[ing] aside” state court cases applying § 1658(a) to TCPA claims by ignoring their underlying rationale, i.e., that Congress has not clearly indicated that state statutes of limitations should apply to TCPA claims. Wallace, J., Op., post at [602]. Not so. In Zelma v. Konikow, 379 N.J.Super. 480, 879 A.2d 1185, a New Jersey court held only that "absent adoption of a specific, shorter period of limitations expressly applicable to TCPA claims, the four-year limitation period provided in [§ 1658(a) ] applies to a TCPA action in the courts of this State.” Id. at 488, 879 A.2d at 1190 (emphasis added). New Jersey, unlike Connecticut, had not adopted a specific shorter statute of limitations for unsolicited commercial fax claims. See id. at 487 & n. 4, 879 A.2d at 1189 & n. 4. As for Worsham v. Fairfield Resorts, Inc., 188 Md.App. 42, 981 A.2d 24 (Md.Ct.Spec.App.2009), Maryland’s intermediate appellate court concluded that § 1658(a) applied to TCPA claims based on the Maryland Court of Appeal’s binding interpretation of the TCPA's "otherwise permitted” provision as (1) pertaining exclusively to a state's choice of venue for TCPA actions, and (2) not permitting individual states to decide whether to allow TCPA actions in their courts. See id. at 50, 981 A.2d at 29 (citing R.A. Ponte Architects, Ltd. v. Investors' Alert, 382 Md. 689, 711-12, 857 A.2d 1 (2004)). Thus, to the extent Worsham relied on a narrower interpretation of the TCPA’s "otherwise permitted” language, its reasoning is unpersuasive and, in any event, contrary to our own binding circuit precedent.
Further, a number of other state courts have applied state statutes of limitations to TCPA claims even where such statutes, unlike Conn. Gen.Stat. § 52-570c(d), do not specifically pertain to unauthorized commercial fax transmission claims. See, e.g., Edwards v. Emperor’s Garden Rest., 122 Nev. 317, 327-28, 130 P.3d 1280, 1286-87 (2006) (applying Nevada’s two-year statute of limitations for actions based on "a statute for a penalty or forfeiture” to TCPA action (internal quotation marks omitted)); Weitzner v. Vaccess Am. Inc., 5 Pa. D. & C. 5th 95, 123-27 (Pa.Ct. Com.P1.2008) (applying Pennsylvania's two-year statute of limitations for invasion of privacy to TCPA action); David L. Smith & Assocs., LLP v. Advanced Placement Team, Inc., 169 S.W.3d 816, 822-23 (Tex.Ct.App.2005) (applying Texas’s two-year statute of limitations for trespass to TCPA action).

. In Maryland, where state law simply prohibits violations of the federal TCPA, see Maryland Telephone Consumer Protection Act ("MTCPA"), Md.Code, Com. Law § 14-3201 to -3202, state courts have determined that claims brought under the TCPA are subject to the federal catch-all four-year statute of limitations provided by 28 U.S.C. § 1658(a), see Worsham v. Fairfield Resorts, Inc., 981 A.2d 24, 30, 188 Md.App. 42, 51 (Md.Ct.Spec.App.2009), while claims brought under the MTCPA are subject to Maryland’s default three-year statute of limitations provided by Md.Code, Cts. & Jud. Proc. § 5-101, see AGV Sports Grp., Inc. v. Protus IP Solutions, Inc., 10 A.3d 745, 752-53, 417 Md. 386, 399 (2010) (holding that MTCPA does not fall within exception to default statute of limitations for statutory specialties). We need not consider whether particular features of Maryland state law support the application of distinct statutes *597 of limitations for the same alleged TCPA violation depending on whether the claim is pleaded under federal or state law. Our task is to construe federal law and, for the reasons stated, we read the "otherwise permitted” provision of 47 U.S.C. § 227(b)(3) to include Conn. Gen.Stat. § 52-570c(d), which specifically does not permit actions based on unauthorized commercial faxes filed more than two years after transmission.