# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JACKSONVILLE AIRPORT,
INCORPORATED,

    *Plaintiff-Appellant,*

v.                                          No. 05-1242

MICHKELDEL, INCORPORATED,

    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-04-1250-AW)

Argued: December 1, 2005

Decided: January 19, 2006

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by published opinion. Judge Luttig wrote the opinion, in
which Judge Michael and Senior Judge Hamilton joined.

_____

## COUNSEL

**ARGUED:** John R. Garza, GARZA, REGAN & ASSOCIATES,
P.C., Rockville, Maryland, for Appellant. Lawrence Joseph Yumkas,
ROSENBERG, MARTIN, FUNK & GREENBERG, L.L.P., Balti-
more, Maryland, for Appellee. **ON BRIEF:** Sedica Sawez, ROSEN-
BERG, MARTIN, FUNK & GREENBERG, L.L.P., Baltimore,
Maryland, for Appellee.

**OPINION**

LUTTIG, Circuit Judge:

Appellant, Jacksonville Airport, Inc. (JAI), voted to reject the Chapter 11 plan of reorganization for appellee, Michkeldel, Inc. Michkeldel refused to count JAI's vote, maintaining that JAI was not entitled to vote since its claim was not "allowed" under the Bankruptcy Code. The bankruptcy court held that Michkeldel did not have to count JAI's vote, and the district court affirmed. JAI appealed. We affirm.

I.

Michkeldel filed for Chapter 11 bankruptcy in December 2002. J.A. 22, 29. At the time of Michkeldel's bankruptcy filing, a suit in which Michkeldel and JAI were adverse was pending in Florida state court. The bankruptcy court granted relief from the automatic stay to allow the Florida court to enter a final judgment and to permit the parties to appeal that judgment. *Id*. at 58-59. JAI was successful in the Florida trial court and filed an unsecured claim for the state court judgment in Michkeldel's bankruptcy proceeding. *Id*. at 99-100. Michkeldel objected to JAI's claim, arguing that the claim should not be allowed because Michkeldel intended to appeal the state court judgment. *Id*. at 100. JAI took no immediate action to oppose Michkeldel's objection.

In tallying the votes for acceptance or rejection of its plan of reorganization, Michkeldel refused to count JAI's vote to reject the plan. *See id*. at 138. Michkeldel justified its failure to count JAI's vote on the rationale that Michkeldel's uncontested objection to JAI's claim prevented JAI from being entitled to vote on the plan. JAI learned that its vote had not been counted at the bankruptcy court's confirmation hearing, which occurred two days after the deadline for voting on the plan. At the confirmation hearing, JAI orally petitioned the bankruptcy court to recognize its vote against the plan, but the court deemed this petition untimely because the deadline for voting on the plan had passed.

Shortly thereafter, the bankruptcy court entered an order confirming Michkeldel's plan of reorganization. *Id*. at 152-56. In the memorandum of decision accompanying the confirmation order, the bankruptcy court noted that JAI was not entitled to vote because Michkeldel's objection prevented JAI's claim from being considered an allowed claim under the Code. *Id*. at 157-58. JAI moved the bankruptcy court to reconsider its order confirming the plan in order to take account of its vote against confirmation. *Id*. at 159-60. The bankruptcy court denied the motion, and JAI appealed that denial. *Id*. at 164, 165. The district court affirmed. *Id*. at 168-74.

## II.

We review the judgment of the district court sitting in review of the bankruptcy court de novo. We, therefore, apply the same standard of review to the bankruptcy court's judgments as the district court did. *In re Merry-Go-Round Enters.*, 400 F.3d 219, 224 (4th Cir. 2005). The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *Id*.

Section 1126(a) of the Bankruptcy Code specifies which parties may vote on the confirmation of Chapter 11 reorganization plans. According to that section, "[t]he holder of a claim or interest *allowed under section 502* of this title may accept or reject a plan." 11 U.S.C. § 1126(a) (emphasis added). Section 502, in relevant part, provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." *Id*. § 502(a). These provisions allow only holders of claims to which no party has objected to vote on Chapter 11 plans.

In this case it is undisputed that Michkeldel objected to JAI's claim. *See* J.A. 99-106. Because of Michkeldel's objection, JAI's claim was not allowed under section 502. Thus, according to section 1126, JAI was not entitled to vote on the confirmation of Michkeldel's Chapter 11 plan. It was not error for the district court to conclude that JAI was not permitted to vote.

Against this conclusion, JAI argues that its claim was allowed notwithstanding Michkeldel's objection because Michkeldel's objection was invalid or void. According to JAI, because its claim was founded

upon a state court judgment, any objection to the claim necessarily called for examination of the merits of a state court judgment, which examination is barred by the *Rooker-Feldman* doctrine. JAI argues that since *Rooker-Feldman* eventually would have prevented Michkeldel's objection from succeeding, Michkeldel's objection should have been disregarded, JAI's claim should have been considered "allowed," and its vote should have been counted. *See Appellant's Br.* at 15-16.

Even if the *Rooker-Feldman* doctrine limits how a bankruptcy court may rule on an objection to a claim based on a state court judgment, JAI cannot escape the conclusion that it was not permitted to vote under the Code. On its face, section 502 does not require that objections to claims be valid or have any potential for ultimate success. As long as a party in interest objects to a claim — regardless of the objection's validity or merit — the claim cannot be deemed allowed. Of course, the court upon motion could have temporarily allowed the claim for voting purposes or fully adjudicated Michkeldel's objection prior to the vote. *See* Fed. R. Bankr. P. 3018(a) (discussing the temporary allowance of objected-to claims for purposes of voting). JAI's *Rooker-Feldman* argument would have been proper in either proceeding. However, JAI did not initiate either type of proceeding until after the deadline for voting on the plan established by the bankruptcy court's scheduling order.\* J.A. 142-49.

It was not error for the bankruptcy court to deny JAI's motion to reconsider the bankruptcy court's order confirming Michkeldel's plan

---

\*JAI argues that a local rule relieved it of any obligation to oppose Michkeldel's objection. Local Rule 3007-1 permits claimants to file a memorandum in opposition to an objection "unless the claimant wishes to rely solely upon the proof of claim." JAI argues that its failure to contest Michkeldel's objection was an exercise of the option granted by the local rule to rely solely on its proof of claim. However, the fact that a local rule might have relieved JAI of any obligation to file papers in opposition to Michkeldel's objection does not mean that JAI had a right to vote even though its sole claim was subject to an objection. Local rules do not (and could not) grant a right to vote on a plan where the Code has withheld it — that is, when the claimant's only claim is in dispute as the result of an objection.

of reorganization. JAI had no right to vote on Michkeldel's plan under the Bankruptcy Code.

## III.

JAI also appeals the bankruptcy court's denial of its motion to compel discovery and for sanctions. JAI conducted an examination of three witnesses who hold management or ownership positions at Michkeldel. JAI maintains that those witnesses "refused to provide information that would allow JAI to investigate the financial condition and assets of Michkeldel" and moved to compel responses to questions and for sanctions. *Appellant's Br.* at 23; J.A. 60-61. The bankruptcy court found "no good cause" for JAI's motion, concluding that "the matters for which further discovery is sought are immaterial." *Id.* at 98. The district court affirmed. *Id.* at 171. This court reviews the bankruptcy court's denial of JAI's motion to compel discovery and for sanctions for abuse of discretion. *See* Fed. R. Bankr. P. 7037; *Anderson* v. *Foundation for Advancement, Educ., & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

A review of the deposition testimony at issue discloses that the witnesses did not obfuscate or intentionally fail to provide information that was known to them. J.A. 68-84. In any event, the bankruptcy court correctly described the substance of the questioning at issue as "immaterial." *Id.* at 98. The bankruptcy court did not abuse its discretion by denying JAI's motion to compel and for sanctions.

## CONCLUSION

For the reasons stated, the judgment of the district court is affirmed.

*AFFIRMED*