11-3413-cv
*Longacre Master Fund, Ltd. v. ATS Automation Tooling Systems Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand and twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> PETER W. HALL,
>
> *Circuit Judges.*

---

LONGACRE MASTER FUND, LTD., LONGACRE CAPITAL PARTNERS (QP) L.P.,

> *Plaintiffs-Appellants,*

v.

No. 11-3413-cv

ATS AUTOMATION TOOLING SYSTEMS INC.,

> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | MARTIN EISENBERG, Law Offices of Martin Eisenberg, White Plains, NY. |
| **FOR DEFENDANT-APPELLEE:** | ROBERT D. GORDON (Evan J. Feldman, *on the brief*), Clark Hill, PLC, Birmingham, MI; (Christopher J. Battaglia, Neal W. Cohen, *on* |

*the brief*), Halperin Battaglia Raicht, LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** with respect to Counts One, Six, and Seven, and the cause is **REMANDED** for further proceedings.

This case involves a bankruptcy claim nominally worth about $2 million that defendant-appellee ATS Automation Tooling Systems Inc. ("ATS") sold to plaintiffs-appellants Longacre Master Fund, Ltd. and Longacre Capital Partners (QP) L.P. (collectively, "Longacre"). Longacre purchased the claim in 2006 for nearly its full nominal value, but following the financial crisis of 2008, the debtor—Delphi Automotive Systems ("Delphi")—was unable to pay the full amount. In this suit, Longacre claims a contractual right to several years' interest on the purchase price based on an objection that Delphi filed against the claim during the bankruptcy proceedings. We assume the parties' familiarity with the facts and procedural history of this case, both of which are briefly summarized below and recounted in greater detail in the District Court's opinion. *See Longacre Master Fund, Ltd. v. ATS Automation Tooling Sys. Inc.*, 456 B.R. 633 (S.D.N.Y. 2011).

## BACKGROUND

After Delphi filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, the Bankruptcy Court (Robert D. Drain, *Judge*) set a deadline of February 3, 2010, for Delphi to file objections to any outstanding claims. On the final day, Delphi filed an "Omnibus Claims Objection" stating that it was "objecting to" all preference-related claims (including the claim at issue here) pending the resolution of various preference actions that Delphi had initiated regarding those claims. The objection expressed Delphi's desire "[t]o preserve [its] rights under section 502(d) of the Bankruptcy Code" and specifically sought to (a) "object to each Preference-Related Claim pending the conclusion of the Avoidance Action related to such Claim," and (b) obtain "entry of an order preserving the Reorganized Debtors' objection to the Preference-Related Claims . . . ." The Bankruptcy Court recognized the objection without opposition in an order dated April 5, 2010, providing that "[Delphi's] Objection to each Preference-Related Claim . . . is hereby deemed preserved pending the conclusion of the Avoidance Action relating to such Preference-Related Claim . . . ."

On May 14, 2010, ATS filed a motion to dismiss Delphi's preference action. On July 22, 2010, the Bankruptcy Court granted the motion, dismissing the complaint without prejudice to Delphi moving for leave to amend by September 7, 2010, because Delphi had failed to plead facts

2

sufficient to state a claim. Delphi moved to amend its complaint on September 7, 2010, but the parties settled in early February 2011 prior to any ruling on the motion. On March 30, 2011, Delphi withdrew its Omnibus Objection. The Bankruptcy Court then dismissed the preference complaint with prejudice on March 31, 2011.

In this separate suit, brought in the Supreme Court of New York but later removed to the District Court under the Court's diversity jurisdiction, Longacre argues that Delphi's 2010 objection and ATS's failure to fully resolve that objection within 180 days triggered an obligation under the purchase agreement that ATS refund the purchase amount, with interest, pending resolution of the objection. Longacre acknowledges that it would have had to later return the refunded purchase amount to ATS once the objection was resolved. In this suit, however, Longacre seeks to recover the interest due on that amount from the date of the agreement (December 14, 2006) to the date the claim was fully resolved (March 30, 2011).

Longacre's complaint alleged seven causes of action for breach of contract and indemnification, but this appeal involves only Counts One, Six, and Seven. Count One alleged that Delphi's objection constituted an impairment under Paragraph 7 of the purchase agreement. That paragraph provides that a claim is impaired when "all or any part of the Claim is . . . objected to . . . for any reason whatsoever, pursuant to an order of the Bankruptcy Court." Count Six alleged that ATS breached its warranty in Paragraph 4 that "to the best of ATS's knowledge, the Claim is not subject to any defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, subordination or preference action." Count Seven sought indemnification based on the breaches described in the other counts, including Counts One and Six.

In an order dated August 4, 2011, the District Court granted summary judgment to ATS on all counts and denied Longacre's cross-motions for summary judgment. With respect to Count One, the District Court held that Delphi's objection was not an "Impairment" or "Possible Impairment" under Paragraphs 7 and 16 because (in the Court's view) it only preserved Delphi's right to object, and because section 502(d) objections purportedly do not attach to the claim itself and thus do not encumber a purchaser, *see* 456 B.R. at 640 (citing *Enron Corp. v. Springfield Assocs., L.L.C.*, 379 B.R. 425 (S.D.N.Y. 2007)). With respect to Count Six, the District Court held that Longacre had not shown that ATS had knowledge (at the time of the sale) of any impairments to the claim. Finally, the District Court concluded that indemnification was not warranted under Count Seven because ATS had not breached any of its obligations.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*. *Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 591 (2d Cir. 2011). Under New York law, "a written agreement that is

complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records*, 780 N.E.2d 166, 170 (N.Y. 2002).

**A.**

We vacate the District Court's judgment with respect to Count One. Under Paragraph 7 of the purchase agreement, an "Impairment" arises, *inter alia*, when "all or any part of the Claim is . . . objected to . . . in whole or in part . . . for any reason whatsoever, pursuant to an order of the Bankruptcy Court." Contrary to the District Court's reasoning, nothing in the language of Paragraph 7 requires that the objection be meritorious. And Paragraph 16 calls for at least a temporary return of the purchase price when there is an unresolved "Possible Impairment." Delphi's objection easily fell within this category. Delphi stated that it was "objecting to" the claim, and the Bankruptcy Court issued an order stating that the "Objection" was preserved. These steps are all that the purchase agreement requires in order to trigger ATS's obligations under Paragraphs 7 and 16. These paragraphs do not exclude objections intended to be withdrawn after the resolution of some other pending issue. Thus, even if the objection was in effect only a reservation of rights rather than an objection they intended to pursue immediately, it still constituted an objection under the purchase agreement. And the parties had good reason to draft the contract in this way, because the pendency of the objection limited Longacre's ability to transfer or obtain payment on the claim. *See Jacksonville Airport, Inc. v. Michkeldel, Inc.*, 434 F.3d 729, 732 (4th Cir. 2006) ("On its face, section 502 does not require that objections to claims be valid or have any potential for ultimate success. As long as a party in interest objects to a claim—regardless of the objection's validity or merit—the claim cannot be deemed allowed.").

As an alternative ground for affirmance, ATS argues that the objection was fully resolved as of July 22, 2010, when the Bankruptcy Court dismissed Delphi's preference complaint without prejudice to Delphi filing leave to amend by September 7, 2010. We disagree. Under familiar legal principles, a judgment is final when it "terminates the litigation between the parties," *Parr v. United States*, 351 U.S. 513, 518 (1956) (quotation marks omitted), and we see no reason to depart from this usual rule when interpreting Delphi's objection, which encumbered the claim "until the conclusion of the Avoidance Action related to such Claim." Delphi's preference suit, however, was not "conclu[ded]" by the Limitation Day because that day fell within the period when Delphi could (and did) file for leave to amend.

Finally, ATS argues that as of the Limitation Day (August 9, 2010), Delphi's objection was likely to be fully resolved within a reasonable time. The District Court did not address this issue, which we leave for its consideration in the first instance on remand.

4

**B.**

We also vacate the District Court's grant of summary judgment with respect to Count Six. That count alleged that ATS breached its warranty in Paragraph 4 that "to the best of [ATS's] knowledge, the Claim is not subject to any . . . impairment . . . or preference action, in whole or in part, whether on contractual, legal or equitable grounds, that have or may be asserted by or on behalf of the Debtor or other party to reduce the amount of the Claim or affect its validity, priority or enforceability." The District Court held that, because the adversarial action and related objection were not meritorious, the defendant had no reason to anticipate those possible impairments at the time of the sale. *See* 456 B.R. at 643 ("[T]he Adversary Complaint was not asserted to reduce the amount of the Claim or affect its validity, priority or enforceability, but only sought recovery of monies paid to Defendant and did not seek relief against the Claim.").

The district court erred in finding no reasonable issue of fact on this issue. It is undisputed that Delphi made a $17.3 million payment within the 90-day period prior to Delphi's filing for bankruptcy, thus giving rise to a possibility that a preference action might impair the claim. The District Court denied this possibility based on Longacre's concession *during the litigation* that ATS's transfer of the claim was a "sale" rather than an "assignment," thus (in the District Court's view) negating the possibility that the claim could be impaired by a preference action. As we have already explained, however, an "objection" need not have been meritorious for it to constitute an "Impairment" under Paragraph 7 or a "Possible Impairment" under Paragraph 16. And ATS had no reason at the time of the transfer to anticipate Longacre's litigating position that the transfer was a "sale" rather than an "assignment." Indeed, the transfer agreement is called an "*Assignment* of Claim," Paragraph 2 provides that ATS "absolutely and unconditionally sells, transfers and *assigns*" the claim to Longacre, and Paragraph 12 provides that the parties recognize "this *assignment* of claim as an *unconditional assignment*." Moreover, the provision in Paragraph 2 that documents relating to the claim "are assigned solely to the extent necessary to support or enforce the Claim" relates only to documents evidencing the claim, not Longacre's property interest in the claim itself. Thus, Paragraph 2 hardly gave ATS notice that the "Assignment of Claim" might not be an assignment after all. *Cf.* 456 B.R. at 640 (concluding based on Paragraph 2 that only part of ATS's interest in the claim was transferred). Inasmuch as this language in the agreement strongly suggests that it was an assignment, we conclude that Longacre has shown a material issue of fact as to ATS's knowledge of a possible preference action and related objection. We therefore vacate the District Court's judgment with respect to Count Six.

## C.

The District Court granted summary judgment to ATS on Count Seven because of its grant of summary judgment on Counts One and Six. Accordingly, the Court's judgment with respect to Count Seven must also be vacated.

## CONCLUSION

For the foregoing reasons, we **VACATE** the District Court's judgment with respect to Counts One, Six, and Seven (the only counts before us on this appeal), and we **REMAND** the cause for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk