**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-2073

_____

ROBERT MICHAEL MILLER,

            Plaintiff - Appellant,

        v.

JELENA MCWILLIAMS, Chairwoman; FEDERAL DEPOSIT INSURANCE CORPORATION,

            Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:20-cv-00671-LO-TCB)

_____

Submitted:  February 28, 2023                    Decided:  September 7, 2023

_____

Before NIEMEYER, AGEE, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert Michael Miller, Appellant Pro Se.  Shari A. Rose, FEDERAL DEPOSIT INSURANCE CORPORATION, Arlington, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Michael Miller appeals the district court's order granting summary judgment to Jelena McWilliams, former Chairwoman of the Federal Deposit Insurance Corporation (FDIC), and FDIC on Miller's claims of age, sex, race, and disability discrimination and retaliation for prior EEO activities, under 42 U.S.C. §§ 2000e-2, 12203, and dismissing Miller's hostile work environment claim, under 5 U.S.C. §§ 2301 to 2302. We review a district court's order granting summary judgment de novo, "view[ing] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party," *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015) (internal quotation marks omitted); however, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence," *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

When, as here, there is no direct evidence of discrimination or retaliation, "[a] plaintiff may prove that an employer took action with discriminatory or retaliatory intent . . . through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*[, 411 U.S. 792 (1973)]." *Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018). If a plaintiff establishes a prima facie case of discrimination or retaliation, the burden shifts to his employer to provide a legitimate, nondiscriminatory, and nonretaliatory reason for the employment action. *Jacobs*, 780 F.3d at 575, 578. The plaintiff then must show by a preponderance of the evidence that his employer's legitimate reasons were untrue and a pretext for intentional discrimination or retaliation. *Id.* at 575,

578.    "Although intermediate evidentiary burdens shift back and forth under [the *McDonnell Douglas*] framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (cleaned up).  We have reviewed the record and conclude that the district court did not err in finding that Miller failed to establish a prima facie case of discrimination based on race or EEO activity and that, even if we were to assume he established a prima facie case of discrimination based on age, sex, or disability, he did not show that a reasonable trier of fact could find that Defendants' legitimate reasons for selecting another candidate for the promotion were pretextual.  We further conclude that the district court did not err in dismissing Miller's claims under 5 U.S.C. §§ 2301 to 2302 for lack of jurisdiction.

Miller also argues that the district court erred when it denied a stay of personnel actions against him and has filed a motion to expedite decision on that issue.  Because we affirm the final judgment entered in this case, we cannot provide relief from the district court's denial of Miller's motion for a temporary restraining order or preliminary injunction.  Accordingly, we deny his motion to expedite. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (noting reversal of denial of preliminary relief "would have no practical consequences" following affirmance of court's decision on merits and declining to address issue as moot); *Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992) ("Once a final judgment is rendered, the appeal is properly taken from the final judgment, not the preliminary injunction.").

3

Finally, Miller challenges various procedural and discovery rulings made by the district court, including the district court's order dismissing Miller's first complaint sua sponte for failure to comply with Fed. R. Civ. P. 8, the court's refusal to grant Fed. R. Civ. P. 11 sanctions based on Defendants' answer, the district court's decision to deny a discovery survey that would have required nearly 5,000 FDIC employees to disclose their political affiliation and voting history, the district court's decision to deny a discovery extension two days before the discovery deadline, and the court's denial of motions to compel and for Fed. R. Civ. P. 37 sanctions that Miller filed after the close of discovery. We are satisfied that none of the district court's procedural or discovery rulings in this case constituted an abuse of discretion. *See Jacksonville Airport, Inc. v. Michkeldel, Inc.*, 434 F.3d 729, 732 (4th Cir. 2006) (stating standard of review).

We therefore affirm the district court's order and deny Miller's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4