Invictus Global Mgt. LLC v GE Engine Servs., LLC (2023 NY Slip Op 04928)

Invictus Global Mgt. LLC v GE Engine Servs., LLC

2023 NY Slip Op 04928

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 652103/22 Appeal No. 692 Case No. 2023-00258 

[*1]Invictus Global Management LLC, Plaintiff-Appellant,
v
GE Engine Services, LLC, Defendant-Respondent.

Law Offices of Martin Eisenberg, White Plains (Martin Eisenberg of counsel), for appellant.
Sidley Austin LLP, New York (Tyler J. Domino of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 5, 2023, which, as amended by order, same court and Justice, entered January 13, 2023, denied plaintiff's motion for summary judgment on its first and third causes of action and granted defendant's cross-motion for summary judgment dismissing the first cause of action and so much of the third cause of action (for attorneys' fees) as relates to the first, unanimously affirmed, with costs.
Plaintiff would be entitled to repayment of the purchase price if it failed to be substituted for defendant in respect of the bankruptcy claim that it purchased. However, no such failure occurred; on the contrary, plaintiff was eventually substituted for defendant on the bankruptcy claims register. While there was a delay in substitution due to errors by the bankruptcy claims and noticing agent, the contract does not entitle plaintiff to repayment of the purchase price if there is a delay in substitution.
Because the condition in the contract did not occur, the cases on which plaintiff relies (CRG Fin. LLC v Amloid Corp., 191 AD3d 461 [1st Dept 2021]; TRC Master Fund, LLC v AP Gas & Elec. [TX], LLC, 175 AD3d 1156 [1st Dept 2019]; Longacre Master Fund, Ltd. v ATS Automation Tooling Sys. Inc., 496 Fed Appx 135 [2d Cir 2012]) are distinguishable.
Since no disallowance under section 5(e) of the contract occurred, plaintiff is not entitled to attorneys' fees pursuant to section 6.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023